KATIE B. NEWKERK, as Administratrix of the Estate of BURTON NEWKERK, Deceased, Plaintiff, *v.* NICHOLAS F. SANTORE et al., Defendants.

Supreme Court, Special Term, Seneca County, January 7, 1954.

1114

*Arthur I. Seld* for Nicholas F. Santore, defendant.

*Carrollton A. Roberts* for plaintiff.

*James M. Ryan* for Maislin Transport, Inc., defendant.

BLAUVELT, J.   This is a motion made in an action for wrongful death arising out of a collision between an automobile and a tractor-trailer, as a result of which one Burton Newkerk died on May 18, 1953.   Deceased at the time of the collision was riding as a passenger in the automobile owned and operated by defendant Santore; defendant Chappell was the operator of the tractor-trailer unit, the tractor being owned by defendants Sands and Heath and the trailer by defendant Maislin Transport, Inc.

The action was tried by the court with a jury at the September, 1953, Trial Term of Supreme Court for Seneca County and the jury returned a verdict in the amount of $50,000 in favor of the plaintiff and against all defendants.   Judgment was entered in favor of the plaintiff against all defendants on October 5, 1953, in the sum of $51,282.62, which was made up of the $50,000 awarded by the jury, interest on the award from date

of death in the amount of $1,150.68 and $131.94 taxable costs. No execution has been issued on the judgment.

Motions made by the defendants to set aside the verdict and for a new trial were denied by the court; defendants Chappell, Maislin Transport, Inc., Sands and Heath have filed a notice of their intention to appeal from the judgment and order denying a new trial, which appeal is now pending; defendant Santore has not appealed and states that he does not desire to appeal and his time to file a notice of appeal has expired.

This motion is by defendant Santore for an order permitting and directing him to pay into court in partial satisfaction of the judgment rendered against him, an amount claimed to be the maximum limited by the terms of an automobile liability insurance policy issued to him by an insurance carrier and discharging the carrier from any further liability to the plaintiff and to all of the defendants upon making such payment. In his affidavit filed on this motion, defendant Santore states that he is unable to pay the full amount of the judgment as he has no personal property other than household furnishings and his salary as a sergeant in the United States Air Force. However, Santore further states that at the time of the collision he carried a standard automobile liability insurance policy, issued to him by the Continental Casualty Company, of Chicago, Illinois, with limits of bodily injury liability of $10,000 for each person injured; he further states that the insurance company is ready, willing and able to pay to the plaintiff or deposit into court the $10,000 claimed limit of its liability, together with such additional amount of interest and costs for which it is liable under the terms of its insurance contract with Santore, provided and on condition that the Continental Casualty Company be discharged from any further liability to the plaintiff and to all of the defendants.

Any judgment debtor, upon rendition of a judgment against him, is entitled, as a matter of right, to have it satisfied of record upon payment in full. (Civ. Prac. Act, § 530, subd. 4.) However, there is no statutory authority to which my attention has been directed for the granting of an order directing the payment of money into court by a judgment debtor in partial satisfaction of a judgment upon the facts presented on this motion. In any event, the order applied for can not be granted for the reason that the offer to make the partial payment of the total amount due under the judgment is conditioned upon this court adjudicating that the amount paid will effect a discharge of defendant Santore's insurance carrier from any further lia-

bility to the plaintiff and to all of the defendants. There is no evidence before this court at Special Term upon which a finding could be made as to the extent of the liability of Santore's insurance carrier to the parties to this action.

It would seem that the insurance carrier could terminate the accrual of further interest on the amount which it is actually obligated to pay by following the procedure of tender before suit, as outlined in sections 174-a and 174-b of the Civil Practice Act. (See Fifteenth Annual Report of N. Y. Judicial Council [1949], pp. 55, 198.) If as Santore alleges, the limit of liability on the part of the carrier is $10,000, plus interest and costs, it would seem that imposition of further liability of interest and costs against the company could be avoided by the carrier tendering to the plaintiff or her agent the sum of $10,000, plus $131.94 costs, plus interest on $51,282.62 from October 5, 1953, to date of tender. (*Cleghorn* v. *Ocean Accident & Guar. Corp.*, 244 N. Y. 166.)

Accordingly, motion is denied.

Submit order.