Meier Steinbrietk, Spec. Ref.
On January 6, 1951 the automobile owned by the defendant Albert S. Hotkins and driven by the defendant Betty C. Hotkins was in collision with a bus owned by the City of New York. Out of that collision arose approximately 20 claims for personal injuries, property damage and wrongful death.
Some of the claims were settled before action was begun by payment by Hotkins ’ insurance carrier (plaintiff here) and the City of New York; some of the claims were settled before action by payment by the City of New York alone; three of the smaller claims were settled after action began and before trial, of which two were paid for equally by both the city and the insurance carrier and one for property damage was paid for entirely by the city.
Actions were pending on the balance of the claims and these were consolidated and tried. Except for one claim (Halpern) which was dismissed for failure to appear at the trial, judgment against the Hotkins and the City of New York in favor of all the plaintiffs in the consolidated action was recovered after trial. Plaintiff Farrugia recovered a judgment for $1,000 which was thereafter paid entirely by the City of New York; plaintiffs Pomerantz recovered judgment for $15,098.64 which was paid for entirely by the City of New York and plaintiffs Cook together recovered judgment for $2,000 which, together with $20 interest, was paid entirely by the City of New York.
Plaintiff Rudolph (defendant here) recovered a verdict for $200,000 for wrongful death of Barnett Rudolph. Judgment in her favor was entered against the defendants Hotkins for $253,-578.96 which included interest at 6% per annum from the date of death; judgment for $235,112.64 was entered against the defendant the City of New York, the differences in amount being due to the lower rate of interest applicable on a claim against the city under section 3-a of the General Municipal Law. Both defendants appealed the Rudolph judgment. However, the appeal on behalf of the Hotkins was abandoned and they filed petitions in bankruptcy, were adjudicated bankrupts, scheduled mese claims and have been discharged. Execution against their property had been returned unsatisfied. The City of New York prosecuted its appeal and was successful in obtaining a reduction *299 in the verdict (on consent in lieu of a new trial) to $125,000, plus lawful interest from the date of death (4%). Of course, the reduction in the judgment obtained by the City of New York does not inure to the benefit of the Hotkins and they would be required to pay the full amount of the judgment against them, with interest, except for the bankruptcy. Likewise the insurance carrier would be liable for the judgment against their insured in spite of the bankruptcy except for the limitations of the policy. (See Insurance Law, § 167, subds. 1, 7.) The coverage carried by the Hotkins was only $20,000 for each person injured, $20,000 for all persons injured and $5,000 for property damage.
On July 20,1955, and while the appeal was pending, the insurance carrier brought a special proceeding for an order permitting it to deposit the balance of the moneys it contended remained in the coverage under its policy, together with interest on $20,000 plus one half the costs taxed in the consolidated action. Upon such deposit it asked to be discharged from any further liability in connection with the judgment in the consolidated action. That application was denied, the court stating that there did not appear to be any statutory authority for granting the relief requested and calling attention to Newkerk v. Santore (204 Misc. 1113) where such similar relief was denied. On appeal to the Appellate Division the denial at Special Term was unanimously affirmed (Matter of United States Fidelity & Guar. Co. [Paull], 1 A D 2d 778), that court however implying that there was authority to grant the relief sought in a proper action therefor. Leave to appeal to the Court of Appeals was denied (1 AD 2d 892).
Thereafter on or about May 29, 1956 the present action was begun, all interested parties being named as defendants. The claimants Halpern (who had brought a new action against the defendants Hotkins alone after the dismissal of their original action for failure to appear at the trial) have not appeared or answered. Answers have been interposed by the defendants Rudolph, Hotkins and the City of New York.
There are two causes of action pleaded: the first is for a declaratory judgment adjudging that plaintiff’s liability for interest after entry of the judgment in the death action be limited to interest at 6% per annum on $20,000; the second is an action for interpleader in which plaintiff asks (a) to be allowed to pay into court the balance of its policy plus interest and thereafter to be discharged from all liability to the defendants; (b) that a determination of the division of such payment among the defendants he made; (c) that a final determination of *300 its liability as to all defendants under the policy be made; (d) that defendants be required to interplead together their claims as to the policy; (e) and (f) for expenses and costs and for such other and further relief as may be proper.
The defendant Rudolph in her answer asks that plaintiff be required to pay over to her to the exclusion of any other claimant the coverage remaining in the policy, together with interest at 6% per annum from January 6,1955 on $253,578.96.
The defendants Hotkins answered asking for a dismissal of the complaint, with costs but did not appear at the trial.
The defendant the City of New York in its answer asks that a declaratory judgment be entered adjudging the liability of the plaintiff pursuant to the policy and that the City of New York be granted judgment for the full amount of the proceeds of the policy, with costs and disbursements together with such other and further relief as may be proper.
It also appears that on October 3, 1956 plaintiff moved at Special Term for an order permitting it to deposit in court $17,062.50, the principal balance of moneys that it contended remained under the policy, plus interest at 6% on $20,000 from June 6, 1955 to the date of deposit, plus one half the costs contained in the consolidated judgment. This application was granted by order dated December 12, 1956. On January 29, 1957 the deposit totaling $19,146.47 was made into court and on February 1, 1957 the defendants were notified of such deposit which still remains to the credit of this action.
The case came on for trial before me and was submitted on a brief record. Ample opportunity for the submission of all briefs was given and briefs have been received. There is no issue of fact herein. The issue is one as to the proper interpretation of the policy of insurance and the law applicable to the established facts.
The first question is that embraced in the first cause of action, namely, what is plaintiff’s liability for interest accrued after entry of judgment against its insured 1 Plaintiff says it is limited to 6% interest on $20,000, the face of the policy; Rudolph says it is interest on $253,578.96, the full amount of the judgment against the insured. The policy provides that the insurer (plaintiff) “ subject to the limits of liability * * * and other terms of this policy ’ ’ agrees:
(I Coverage A) —“ To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any per *301 son, caused by accident and arising out of the ownership, maintenance or use of the automobile.”
(Coverage B) —a similar provision as to property damage.
There is also contained the following:
(II) “ Supplementary Payments. As respects the insurance afforded by the other terms of this policy under Coverages A and B the Company shall: * * * (e) pay all expenses incurred by the Company, all costs taxed against the Insured in any such suit and all interest accruing after entry of judgment until the Company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the Company’s liability thereon; * * * The amounts incurred under the insuring agreement, except settlements of claims and suits, are payable by the Company in addition to the applicable limit of liability of this policy.”
On behalf of Rudolph it is urged that the policy requires the company to pay ‘1 all interest accruing after entry of judgment ’ ’ not merely interest on such portion of the judgment as does not exceed the limit of the company’s liability thereon.
Whether the insurer must pay interest on the full amount of the judgment or only on the face amount of the policy does not appear to have been decided in any appellate court in this department. The issue has been decided in several out-of-State and Federal jurisdictions both ways. In New York State, the only reported case directly in point seems to be Home Ind. Co. v. Corie (206 Misc. 720, affd without opinion 286 App. Div. 996 [1st Dept.]). There it was-held that the liability of the company was limited to interest on the face amount of the policy. 1 feel bound to follow that case. Furthermore, it seems clear to me that only liability for interest on the amount withheld by the company was intended to be assumed under the “ Supplementary Payments ” part of the policy. A contrary finding would require the company to pay as interest alone about $32,000 or considerably more than the face amount of the policy. Interest is compensation for the use or detention of money; when the policy requires the insurer to pay “interest” it can only reasonably mean interest on such sum as the insurer is obligated to and fails to pay, namely, the limit of the policy.
I therefore find that plaintiff has paid into court the total for which it is liable under the policy.
We thus come to the consideration as to who is entitled to this fund. Obviously, the Hotkins have no claim thereto. The Halperns who might have had some interest have defaulted, both *302 at the original trial and in this action. They have established no right to the fund and need not be further considered. The dispute is between the claimants-defendants here, Rudolph and the City of New York. Each claims in effect the entire fund to the exclusion of the other. The City of New York claims the fund as an offset or in partial reduction of the judgment against it. Rudolph claims the fund in addition to payment in full of the judgment (as reduced after appeal) against the city.
As I see it, the issue requires the application of equitable principles. The difficulty arises because the fund available is insufficient for the payment in full of all claims against the Hot-kins. Had the coverage of the policy been large enough to cover all claims, the situation, eliminating the question of costs on the Rudolph judgment, might be thus as of July 6, 1957.
Several of the claims were settled by the insurance company and the city. Each paid one half of the settlements; some were settled by the city paying all of the settlement. In the absence of a judgment against joint tort-feasors there is no claim over against one tort-feasor by the other who pays a claim before judgment recovered against both. Only judgments can be considered.
The city, upon payment of the Rudolph judgment against it of $125,000, with interest at 4% to July 6, 1957 of $32,500 for a total of $157,500 to Rudolph, in addition to the $18,118.64 paid by it in payment of the judgments against it and the Hotkins in actions numbered 2, 3 and 4, would have paid a total of $175,-618.64. Under section 211-a of the Civil Practice Act, Hotkins would be liable for one half thereof or $87,809.32 and their insurer would be ultimately liable therefor under subdivision 7 of section 167 of the Insurance Law. Thus, the city would have a claim against the insurance fund for $87,809.32.
Rudolph would have a claim against Hotkins and the insurance company for the balance of the judgment in excess of $157,500. The judgment against Hotkins is for $253,793.71, plus interest of $31,910.74 computed to July 6, 1957, or a total of $285,704.45. The excess over the $157,500 is therefore $128,-204.45 for which sum Rudolph would have a claim against the insurance fund had the coverage been adequate. Accordingly, the city would have a claim for $87,809.32 and Rudolph for $128,-204.45, for a total of $216,013.77 for both. However, against these claims of $216,013.77 there is a fund of only $17,062.50, plus interest of $1,976.59 for a total of $19,039.09 (exclusive of the deposit for costs).
In fairness and equity the fund should be applied in proportion to the claims. The city should receive a credit on the *303 amount payable by it of $87,809.32 — or 88/216ths of the fund $216,013.77 of $19,039.09 and Rudolph should have 128/216ths. This requires a credit to the city of $7,756.60.
The entire amount on deposit should be paid to Rudolph; the defendant, City of New York, however, to receive a credit of $7,756.60 on the amount payable by it on the judgment. Also the city should pay one half of the costs or $107.38, the plaintiff having paid $107.38, which Rudolph will receive when the funds on deposit are withdrawn.
It may be that the computations as to interest and proportion are not entirely accurate; if so, upon the settlement of the judgment, any party may point out any inaccuracy and it will be corrected in the judgment. The principle, however, is clear and should be readily applied. No costs to any party.
Settle judgment on notice.