Charlotte Devlin, Respondent, *v.* New York Mutual Casualty Taxicab Insurance Association, Appellant.

First Department, May 29, 1925.

Motor vehicles — action by person holding judgment against taxicab company for damages for personal injuries to recover from bonding company — taxicab company defaulted and bonding company failed to defend though notified — judgment taken by default — defense that judgment was not recovered after trial of issue of fact as provided by bond is insufficient under Highway Law, § 282-b — recovery is limited to face of bond plus interest thereon.

In an action by a person who was injured through the negligence of a taxicab company to recover from the bonding company, which furnished the bond for the taxicab company under section 282-b of the Highway Law, on a judgment recovered by default against the taxicab company, it is not a defense under section 282-b of the Highway Law, that the judgment was not recovered after a trial of the issue as provided by the bond, for the statute provides that the bond shall be conditioned for the payment of any judgment recovered, and. in this case, the bonding company deliberately permitted the damages to be

assessed and the judgment to be entered against the taxicab company, notwithstanding that it was notified prior to the assessment of damages that the taxicab company would not defend the action.

The recovery against the bonding company must be limited to the face of the bond plus interest from the date the judgment was entered against the taxicab company and cannot include interest on the entire amount of the judgment entered against the taxicab company, which is greater than the face of the bond.

APPEAL by the defendant, New York Mutual Casualty Insurance Corporation, sued herein as New York Mutual Casualty Taxicab Insurance Association, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of October, 1924, granting plaintiff's motion made under rule 113 of the Rules of Civil Practice for summary judgment in the sum of $2,500 in an action brought by the plaintiff against the defendant on a taxicab bond filed under section 282-b of the Highway Law (as added by Laws of 1922, chap. 612).*

The opinion of the Special Term is reported in *Devlin* v. *N. Y. Mutual Casualty Taxicab Ins. Co.* (123 Misc. 784).

*Edward W. Drucker*, of the appellant.

*Jeremiah A. O'Leary*, for the respondent.

MARTIN, J.:

The plaintiff having been injured on February 2, 1923, by a taxicab owned by the Hale Taxi Corporation, brought an action in the Supreme Court, county of New York, to recover for her injuries. Being unable to secure personal service of the summons, she served the Hale Taxi Corporation by substituted service, pursuant to an order; but it defaulted. Thereupon plaintiff notified appellant, which on December 13, 1922, had bonded the taxi corporation, under section 282-b of the Highway Law, of the default of its assured. Receipt of the notice is admitted.

Thereafter appellant was notified that plaintiff proposed to take judgment against its said assured and to sue upon the bond furnished in compliance with the statute. Receipt of this letter is also admitted; but appellant did nothing towards having the default opened, and plaintiff, on a writ of inquiry, had the damages assessed by a sheriff's jury and recovered judgment against the Hale Taxi Corporation for $10,000 and costs. Subsequently she brought this action to recover the amount of the bond, interest and costs.

The bond is set forth in full as part of the complaint which alleges it to be the bond or policy required by section 282-b of the Highway Law (as added by Laws of 1922, chap. 612.)*

---

* Since amd. by Laws of 1924, chaps. 360, 413.— [REP.

The answer denies knowledge or information as to the allegation that the judgment against the assured has not been paid, and contains an affirmative defense that the said judgment was not recovered after a trial of an issue of fact, the bond providing: "No action shall be maintained against the corporation under this policy unless brought after the amount of loss shall have been fixed either by *a final determination of the litigation after trial of the issue* or by agreement between the parties with the written consent of the corporation." (Italics are the writer's.)

The statute under which the bond was filed provides as follows: "Every person, firm, association or corporation engaged in the business of carrying or transporting passengers for hire in any motor vehicle, except street cars, and motor vehicles operated under a franchise by a corporation subject to the provisions of the Public Service Commission Law over, upon or along any public street in a city of the first class shall deposit and file with the State Tax Commission for each motor vehicle intended to be so operated, either a personal bond, with at least two sureties approved by the State Tax Commission, a corporate surety bond or a policy of insurance in a solvent and responsible company authorized to do business in the State, approved by the State Tax Commission, in the sum of two thousand five hundred dollars, conditioned for the payment of any judgment recovered against such person, firm, association or corporation for death or for injury to persons or property caused in the operation or the defective construction of such motor vehicle."

The appellant's obligation was intended to comply with the statute which provides that the bond or policy shall be "conditioned for the payment of any judgment recovered against" the person or corporation required to file it.

Final judgment was duly entered against the Hale Taxi Corporation in accordance with the Civil Practice Act and the Rules of Civil Practice. The defense is in the nature of a collateral attack upon the final judgment. It is also calculated to nullify the intention of the parties to the bond that it was to be filed in order to fulfill the statutory requirements. In this case the insurance carrier deliberately allowed the damages to be assessed and the judgment to be entered in the face of notice bringing to the attention of its representatives that no defense was being made to the negligence action.

Under the terms of the bond appellant had "the exclusive right to contest or settle" plaintiff's claim, it being provided that the assured shall not interfere in relation to negotiations for settlement or with the conduct of any legal proceedings.

The plaintiff is not entitled to interest on the full amount of the judgment for the reason that the bond limits the liability of the defendant to pay to the extent of $2,500 only. The defendant is, therefore, liable for the sum of $2,500 and interest from the date of judgment on $2,500, and the costs and disbursements taxed in the action.

The order should be modified to the extent stated, and as so modified affirmed, with ten dollars costs and disbursements to the respondent.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, with ten dollars costs and disbursements to the respondent.