ANDERSON SNOW v. JAMES A. NOWLIN.

169 So. 598.
Division B.
Opinion Filed August 6, 1936.

*Clyde H. Lockhart,* for Appellant;

*E. S. MacKenzie,* for Appellee.

BUFORD, J.—The appeal brings for review interlocutory orders in a suit to foreclose a chattel mortgage.

The entry of appeal confines the same so that it is from "the interlocutory decree entered on the 28th day of January, 1936, and from the interlocutory decree entered on the 29th day of January, 1936." The decree filed in the office of the Clerk of the Circuit Court on the 29th day of January, 1936, denies the motion of the complainant to dismiss the counterclaim. The decree or order filed in the office of the Clerk of the Circuit Court on the 28th day of January, 1936, denies motion to strike part of paragraph 4 of

defendant's answer and grants motion to strike paragraph 5 of defendant's answer and provides that "the plaintiff is allowed to foreclose the said mortgage with the exception of $571.60 which interest shall be retained by the defendant and not foreclosed."

The chattel mortgage contained the following provisions:

"It is further covenanted and agreed that in the event the party of the first part shall default in the payments of the purchase price to be made to the party of the second part, and the party of the second part repossesses said property, then the party of the first part shall retain and have an interest in said property equal to fifty (50%) per cent. of the total amount paid by the party of the first part to the party of the second part."

The record shows that the mortgage was given for the purchase price of the property described therein; that the sum of $1,143.20 had been paid on the principal amount of the notes and mortgage securing same which were for the aggregate sum of $2,500.00. Fifty per cent. (50%) of this amount is $571.60.

The question presented is whether or not the clause contained in the mortgage which we have hereinbefore quoted is a valid and binding provision.

The appellant states eight questions which he says are to be determined by this Court, but we do not find all of those questions presented by the record. The record presents no issue involving the right of defendant in foreclosure to the equity of redemption.

Recognizing the law to be that the mortgagee in a chattel mortgage acquires no legal right to take possession of the mortgaged property without the consent of the mortgagor at the time possession is delivered and that if possession is refused by the mortgagor the mortgagee must resort to

foreclosure to acquire possession of the property and also that a stipulation in a mortgage that upon default the mortgagee may take possession of the property and sell the same confers no greater right than the mortgagee would have had without that stipulation being in the mortgage, we hold that the word "repossesses" as used in the paragraph of the mortgage hereinbefore quoted must be construed to have been used as being synonomous with' the word "forecloses." See 41 C. J. 830. This provision as so construed would not affect the right of the mortgagor to redeem from foreclosure proceedings that part of the property upon which the lien remained effective by the payment of the balance of the obligation evidenced by the notes and mortgage. The effect of this provision in the mortgage was that thereby the mortgagee released from the operation of the mortgage an undivided interest in the mortgaged property in that proportion to the whole property as one-half or fifty per cent. of the amount paid on the obligation is to $2,500.00. In other words, by this stipulation in the mortgage the parties agreed that in event of default and foreclosure the mortgagor would have an interest in the property in proportion to the whole property that 50% of the amount paid by him is to $2,500.00, the total amount of the notes and mortgage, which undivided interest in such property would not be subject to foreclosure for the balance of the unpaid purchase price. This amounted to a *pro tanto* release clause and as such was valid and binding on both parties.

In the case of Bailey v. Inman, 105 Fla. 1, 140 Sou. 793, we held:

"Right to partial release of mortgaged premises under release clause generally continues at least until foreclosure proceedings."

In that case we also said:

"Unless there is language in the contract expressly limiting the right to secure releases under such a clause to a period anterior to the maturity of the debt, the right is generally held to continue to exist at least until foreclosure proceedings are instituted."

In this case the language did not limit the right to release to a period anterior to maturity of the debt, but, on the contrary, specifically provided that the right to the release should occur after default and upon the repossession of the property, or, as we have construed that to mean, upon foreclosure of the mortgage. See also Consolidated Development & Engineering Corporation v. Ortega Company, 117 Fla. 438, 158 Sou. 94.

We are not unmindful of the fact that in Bailey, et al., v. Inman and in Consolidated Development & Engineering Corporation v. Ortega Company, supra, the mortgages involved were real estate mortgages, but the fact that they were real estate mortgages and we are now dealing with a chattel mortgage does not change the application of the law with reference to the release clause.

It appears that the construction placed by the Chancellor on the contract was correct and there is no reversible error in the orders appealed from. The same are, therefore, affirmed.

So ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.