HOME INDEMNITY COMPANY, Plaintiff, *v.* ROBERT J. CORIE, JR., et al., Defendants.

Supreme Court, Special Term, New York County, October 26, 1954.

*William E. J. Connor* for defendants.

*Samuel A. Berger* and *Robert Fishbein* for plaintiff.

HOFSTADTER, J. This is an action for a declaratory judgment to determine the plaintiff's liability to the defendants Corie under a policy of automobile liability insurance which it had issued to the defendant Thompson. Thompson has not appeared in the action and is in default.

While the policy was in force, a collision occurred between an automobile operated by the defendant Robert J. Corie, Jr., and one operated by Thompson. The other Corie defendants were passengers in the Corie automobile. The Cories brought actions against Thompson in the Supreme Court, Columbia County, to recover for the injuries suffered in the collision, and recovered judgments which have been affirmed on appeal.

The policy issued to Thompson limited the plaintiff's liability to $5,000 for damages sustained by any one person and to $10,000 for damages sustained by two or more persons in any one accident. The aggregate of the judgments against Thompson is $76,992.15, far in excess of the $10,000 limit of liability in the case of one accident, and the parties agree that the plaintiff's basic liability is thus limited to $10,000.

The controversy concerns the amount of interest which the plaintiff is obliged to pay to discharge its liability under the policy. The defendants have moved for summary judgment in their favor and the plaintiff, by cross motion, asks for judgment as prayed for in the complaint. There is no issue of fact and both parties recognize that the case presents solely a question of law — the construction of the policy provision which imposed on the plaintiff liability for interest.

At the outset it may be stated that an action for a declaratory judgment is maintainable when, as here, there is a justiciable

controversy over the extent of the insurer's liability on a policy (*Globe Ind. Co.* v. *Sterling Stewart Corp.*, 257 App. Div. 1027).

The policy bound the plaintiff to pay all judgments against the insured for personal injury or death resulting from the operation of the automobile, not exceeding the limitations contained in the policy "and in addition, to pay all costs taxed against the insured in any such suit, and to pay all interest accruing after entry of judgment until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon ".

The plaintiff contends that under the foregoing clause it is obliged to pay interest on the part of the judgments recovered for which it is liable, that is, on the $10,000 limit fixed by the policy. The Corie defendants take the position that the plaintiff is bound to pay interest on the full amount of the judgments, totaling $76,992.15.

Though there is some authority for the defendants' view in other jurisdictions, the decisions in this State, where the policy was issued, support the interpretation advocated by the plaintiff (*Devlin* v. *New York Mut. Cas. Taxicab Ins. Assn.*, 213 App. Div. 152, 155; *Sheridan* v. *Hartford Accident & Ind. Co.*, 238 App. Div. 780). The clauses in the cases cited, though not identical with that in the present policy, are substantially to the same effect. Thus, the clause in the *Devlin* case (*supra*) quoted in the plaintiff's brief from the appeal papers, bound the insurer to pay " irrespective of the limits hereinafter mentioned  *  *  *  all interest accruing before or after entry of judgment and up to the date of payment or tender of payment by the Corporation of its share of such judgment." The language in the *Sheridan* case (*supra*) was to all intents the same as that just quoted. In both of the cited cases the insurer is bound, just as the plaintiff is here, to pay " all interest ". What follows in the *Devlin* and *Sheridan* policies, as well as in the policy now before the court, has to do with the period for which interest must be paid. In the *Devlin* and *Sheridan* policies, interest was to run until payment or tender of payment of the insurer's share of the judgment. In this case interest was to run until payment, tender or deposit of " Such part of such judgment as does not exceed the limit of the company's liability thereon." What is this but another form of saying, as did the *Devlin* and *Sheridan* policies, the insurer's share of the judgment?

Thus, we have in the three cases the obligation to pay " all interest " until payment or tender of the insurer's share of

the judgment. This means in the present case, the policy limit of $10,000. In my opinion, the rulings in the *Devlin* and *Sheridan* cases are determinative here.

The same rule of interpretation was applied by the Court of Appeals in *Cleghorn* v. *Ocean Accident & Guar. Corp.* (244 N. Y. 166), though the particular question agitated here does not seem to have been raised in the *Cleghorn* case.

In other jurisdictions the identical clause has received the interpretation now being given to it. (*Standard Acc. Ins. Co. of Detroit* v. *Winget,* 197 F. 2d 97; *Sampson* v. *Century Ind. Co.,* 8 Cal. 2d 476.)

When the nature of interest, compensation for the use or detention of money, is borne in mind, the result reached is far more reasonable than that sought by the defendants. Since the limit of the plaintiff's liability on the judgments themselves is $10,000, this is the sum of money for whose use it should pay. It is not liable for any part of the judgments in excess of $10,000; therefore, in the absence of provision to that effect, it should not be charged with interest on the excess. The insured's surrender of control of the action, incidental to the insurance, does not justify the imposition of liability for interest on the part of the judgment which it is in no event bound to pay. To read the provision as the Cories wish to have it read would, as the court persuasively reasoned in *Standard Acc. Ins. Co. of Detroit* v. *Winget* (*supra*) impose vicarious liability on the insurer. (See *Standard Acc. Ins. Co. of Detroit* v. *Winget,* 197 F. 2d 97, 107, *supra.*)

Accordingly, the plaintiff is entitled to judgment declaring that its liability for interest is confined to that on $10,000 from November 26, 1952, the date of the judgments. The defendants' motion is denied and the plaintiff's cross motion is granted. Settle order and judgment.