MARIA HOLUBETZ, Respondent, *v.* NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Appellant, et al., Defendant.

Third Department, June 1, 1961.

*Murphy, Aldrich, Guy, Broderick & Simon* (*Morris Simon* and *Bernard Simon* of counsel), for appellant.

*Charles S. Tracy* for respondent.

TAYLOR, J. Plaintiff was injured on September 8, 1957 while riding in her motor vehicle which, at the time, was operated by one Curran. In a personal injury action — defended by appellant under an alleged nonwaiver agreement — she has obtained

a judgment against him in the sum of $13,590.01 which admittedly remains unsatisfied. At the time of the accident, plaintiff carried a casualty insurance policy on her automobile issued by appellant, effective for one year from October 15, 1956, which limited its liability to the sum of $10,000 for bodily injury to each person. By its terms, Curran was an additional insured thereunder and a policy of liability insurance issued by the Travelers Indemnity Company [Travelers], whose provisions obligated it to pay damages in excess of the limits of any other valid and collectible insurance for bodily injury, also covered his operation of a nonowned automobile.

Plaintiff has brought this action to recover upon both policies. Judgment was entered by direction of the trial court against National Fire Insurance Company of Hartford [National], as the primary carrier, for the policy limit plus interest and costs and upon its concession of liability, against Travelers, as the excess indemnitor, in the sum of $3,500. This appeal followed.

Defendant National's answer pleaded as defenses the failure of the insureds to comply with the provisions of the policy which required that written notice of the accident be given to the company, or its authorized agent, as soon as practicable and that in the event of suit, the summons be forwarded immediately to the insurer. It alleged also a breach of the co-operation provisions of the policy.

The first written notice of the accident which appellant received was contained in a letter dated October 28, 1957 from its authorized agent which was the sequel of oral notice given it by plaintiff, through her attorney, on or about September 11, 1957. Plaintiff was confined to a hospital until September 21 and thereafter to a wheel chair for two months. Her fractured right arm remained in a cast for 12 weeks. Plaintiff never had possession of the liability policy. The underwriting agency had missent the original to her former address. During the almost 11-month interval between the date of its issuance and the day of the accident, her requests for a duplicate were ignored. After the accident, an effort by her attorney to procure a copy of the policy was equally unavailing. Whether the foregoing circumstances were sufficiently extenuative reasonably to excuse a delay of 51 days in giving written notice to the company presented a question of fact for determination by the trial court. (*Gluck* v. *London & Lancashire Ind. Co. of America,* 2 A D 2d 751, affd. 2 N Y 2d 953; *Marcus* v. *London & Lancashire Ind. Co. of America,* 6 A D 2d 702, affd. 5 N Y 2d 961; Insurance Law, § 167.) There was ample evidence to support its conclusion that written notice was given within a reasonable

time under all the circumstances. (*Solomon* v. *Continental Fire Ins. Co.*, 160 N. Y. 595, 599.)

The summons and complaint were served on Curran on September 24, 1957. He delivered them to the agent of Travelers on the same day. Having first procured from plaintiff's counsel a stipulation extending the time to answer, Travelers, on October 29, 1957, transmitted the file to appellant which thereafter interposed an answer and undertook an investigation of the circumstances of the accident. "In giving notice of the accident the insured must of his own initiative compile and transmit the necessary information, but he can give notice of claim or suit merely by forwarding whatever papers are received by him. The requirement that all suit papers be forwarded is, by the very provisions of the policies, but another species of notice; and the statute (Insurance Law, § 167, subd. 1, par. [d]) provides that 'failure to give *any* notice required to be given by such policy within the time prescribed therein' (italics supplied) is not to invalidate any claim if such notice is given as soon as reasonably possible. The comprehensive statutory language embraces the entire notice complex. There is no justification for differentiating among notice of accident, notice of claim and notice of suit." (*Lauritano* v. *American Fid. Fire Ins. Co.*, 3 A D 2d 564, 570, affd. 4 N Y 2d 1028.)

The record is barren of proof of the failure on the part of plaintiff to co-operate with the carrier. In the circumstances presented here, her reluctance to sign a statement prepared by a claim agent of appellant, the contents of which are not disclosed by the evidence, until consultation with the attorney whom she had retained to represent her was not transgressive of her co-operative obligations to her insurer. Appellant offered in evidence at the trial the official report of a member of the State Police on the theory that it tended to demonstrate a lack of co-operation in that its description of the manner in which the accident occurred was antithetical to the allegations of her complaint in the personal injury action. The trial court refused to admit the exhibit in evidence. We think the ruling was correct. (*Johnson* v. *Lutz*, 253 N. Y. 124; *Needle* v. *New York Rys. Corp.*, 227 App. Div. 276, 278.)

The appellant is liable for interest from the date of the judgment in the personal injury action on the sum of $10,000 only. (*Home Ind. Co.* v. *Corie*, 206 Misc. 720, affd. 286 App. Div. 996.)

The judgment appealed from should be modified on the law by striking the words "together with interest from May 29, 1958

on $13,590.01 which is $1,723.66 interest" and substituting therefor the words "together with interest from May 29, 1958 on $10,000" and, as so modified, affirmed, with costs.

BERGAN, P. J., GIBSON and HERLIHY, JJ., concur.

Judgment modified, on the law, by striking the words "together with interest from May 29, 1958 on $13,590.01 which is $1,723.66 interest" and substituting therefor the words "together with interest from May 29, 1958 on $10,000" and, as so modified, affirmed, with costs. The findings of fact are affirmed.