166 So.2d 717 (1964)
FINCHER MOTORS, INC. a Florida corporation, Appellant,
v.
NORTHWESTERN BANK & TRUST COMPANY, a Missouri banking corporation, Appellee.
No. 63-791.
District Court of Appeal of Florida. Third District.
August 4, 1964.
Rehearing Denied August 24, 1964.
A.E. Quinton, Jr., Miami, for appellant.
Stafford & Carter, Miami, for appellee.
Before BARKDULL, C.J., and HORTON and TILLMAN PEARSON, JJ.
HORTON, Judge.
The appellant seeks the reversal of an adverse summary judgment in replevin awarding the possession of an automobile to the appellee. The appellee was the assignee of a chattel mortgage executed in the state of Missouri. The mortgage contained *718 a repossession clause in the event of default or insecurity.[1]
There is no contention that the instrument designated as a chattel mortgage is by its provision or otherwise a retain title or conditional sales contract but was given solely as security for the payment of the sums set forth in the instrument.
After the execution of the chattel mortgage, the automobile was brought to Florida by the mortgagor and exchanged with appellant for a 1960 Oldsmobile and a cash difference. The mortgagor was in default under the terms of the mortgage at the time of the exchange with appellant. The mortgagor falsely represented the mortgaged automobile to be free and clear of encumbrances. A certificate of title was issued by the Commissioner of Motor Vehicles of Florida certifying that there were no liens or mortgages on the automobile.
On discovering the mortgaged automobile in the possession of the appellant, the appellee filed a complaint in replevin seeking possession of the automobile under the provisions of the mortgage which gave it the right of possession in the event of default. Both parties agree that there is no genuine issue of material fact but the appellant contends that it was error for the court to conclude as a matter of law that the appellee was entitled to a summary judgment.
The appellant's contention here in the main rests upon the theory that the appellee's right to the statutory possessory remedy of replevin is governed by Florida law; that a chattel mortgage of the type here under consideration, even though by its terms according the appellee right of possession, would not support an action in replevin. On the other hand, the appellee just as strenuously contends that a right of possession in an instrument valid where made, that is, the state of Missouri, will be recognized in Florida and given effect in accord with the laws of the state where the contract was made. The appellee relies, as did the able trial judge, to some extent upon the decision of this court in the case of Crowley v. Dekle, Fla.App. 1960, 118 So.2d 239.
The Crowley case was an original proceeding in prohibition to prevent the civil court of record from proceeding further in a chattel mortgagee's action for replevin. A majority of this court refused to issue the peremptory writ holding in effect that this court would not interfere with the exercise of jurisdiction by the civil court of record. The only question before this court was whether the subject matter over which the civil court of record was about to act was within the statutory jurisdiction conferred upon that court. § 33.02, Fla. Stat., F.S.A.
Since prohibition was denied, the only legal conclusion reached by the Crowley case was that the civil court of record was not, under the allegations of the suggestion for the writ, exercising jurisdiction beyond or in excess of that prescribed by law. Prohibition is usually invoked to prevent an alleged exercise of jurisdiction beyond that prescribed by law and not to correct the commission or threatened commission of mere errors by an inferior court that otherwise has jurisdiction over the type of case. See 25 Fla.Jur., Prohibition, § 6. Although the language of this court in the Crowley case may have been misleading, nevertheless the court decided only one issue of law  jurisdiction. The appellee's reliance on the Crowley case is, in our considered judgment, misplaced.
Our examination of the authorities leads us to the conclusion that the appellant's contention is meritorious and that the summary judgment should be reversed. *719 The Supreme Court of Florida, in Snow v. Nowlin, 125 Fla. 166, 169 So. 598, was faced with a question of fact quite analogous to those present in the case at bar. Whether the chattel mortgage in the Snow case was executed in Florida and upon chattels located within the State of Florida was not revealed by the opinion. However, the provision in the chattel mortgage in the Snow case provided that in the event the mortgagor should default in the payment of the purchase price of the chattels, then the mortgagee had the right to repossess the property. The court was presented with the question of whether or not such a clause in a chattel mortgage was valid and binding. In holding that the right granted to a mortgagee of a chattel to repossess it in the event of a default was synonymous with the word "foreclose," the court said:
"Recognizing the law to be that the mortgagee in a chattel mortgage acquires no legal right to take possession of the mortgaged property without the consent of the mortgagor at the time possession is delivered, and that, if possession is refused by the mortgagor, the mortgagee must resort to foreclosure to acquire possession of the property, and also that a stipulation in a mortgage that upon default the mortgagee may take possession of the property and sell the same confers no greater right than the mortgagee would have had without that stipulation being in the mortgage, we hold that the word `repossesses' as used in the paragraph of the mortgage hereinabove quoted must be construed as being synonymous with the word `forecloses.'" [Emphasis supplied]
We have been unable to find where this rule by the Supreme Court of Florida has been modified or receded from. Assuming as we must that the pronouncements in Snow v. Nolin, supra, by the highest court of our state are still the applicable law of Florida, and that they apply to those mortgages executed in Florida, we are then posed with the question of whether such a holding would likewise apply to the provisions in similar instruments executed in foreign states upon chattels subsequently brought into this state.
The appellee contends that such a provision permits a reduction of the chattel to the mortgagee's possession by a remedy similar to replevin in the State of Missouri. In effect its argument is that we should apply the law of Missouri in the Florida courts in the enforcement of the contract rights of the appellee. With this we do not agree.
Florida follows the general rule that the nature, validity and interpretation of contracts are governed by the laws of the state or country where the contracts are made or to be performed. Matters of procedure and remedy in the enforcement of contracts depend upon the forum or the place where suit is brought. See Castorri v. Milbrand, Fla.App. 1960, 118 So.2d 563, and cases cited therein.
If the state does no more than to place the enjoyment and protection of such property upon the same and equal footing with the rights of resident citizens, there can exist no just grounds for complaint. In this instance, what the appellee appears to contend for would place holders of contracts executed or to be performed outside the state of Florida in a preferential class to that of holders of contracts executed or to be performed in Florida. We do not think that they are entitled to such preferential treatment. In Florida we have followed the rule that default in a chattel mortgage given as security for the payment of an indebtedness does not carry with it, even where the instrument contains provisions granting such, the right to possession of the chattel security. Such being the right of holders of contracts made or to be performed in Florida, we do not feel that the courts of our state should be required to accord greater rights of enforcement of holders of contracts made or to be performed elsewhere. The appellee had an *720 adequate remedy in equity to foreclose its mortgage and can protect its security by appropriate means in the equity court. It follows that the judgment appealed is reversed, and the cause is remanded with directions to dismiss the action.
Reversed and remanded with directions.
NOTES
[1] "If mortgagor defaults on any obligation under this mortgage or should the mortgagee feel himself or said motor vehicle insecure for any reason, the entire unpaid balance shall at once become due and payable at the election of the mortgagee and the mortgagee may, without notice or demand, by legal action or otherwise take possession of said motor vehicle wherever located. * * *" [Emphasis supplied]