Marshall E. Livingston, J.
On October 1, 1962, judgment in the above action was entered in favor of the plaintiff herein, in the amount of $29,609.62, against Leslie J. Agan. At the time of the accident Mr. Agan was insured by the defendant carrier, which covered him with an automobile liability policy having a limit of $10,000 for one injury or death arising out of one accident.
On July 15, 1965, the defendant carrier paid to the plaintiff $10,000 and $156.55 representing the bill of costs, plus $1,891.68, which is said to be the appropriate interest on $10,156.55, computed to the payment date of July 15, 1965.
Plaintiff contends that pursuant to the terms of the instant policy, the defendant should pay interest on the entire amount of the judgment to July 15, 1965. The amount of interest plaintiff claims on the entire amount of the judgment from its entry to July 15, 1965 is $4,959.64.
This action was tried before me without a jury and was brought to recover $3,067.96 (plus interest from July 15, 1965), being the balance of the claimed interest due on the amount of the entire judgment.
The pertinent portion of the policy in evidence, which comprised the only proof in the case is as follows:
1‘ H DEFENSE, SETTLEMENT, SUPPLEMENTARY PAYMENTS
* ‘ With respect to such insurance as is afforded by this policy under Coverages E, F [Bodily Injury Liability— (Automobile)] and H, the Company shall: * * *
“(c) pay all expenses incurred by the Company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the Company has paid or tendered or deposited in court such part of such judgment as
does not exceed the limit of the Company’s liability thereon; * # #
“and the amounts so incurred * * * are payable by the Company, in addition to the applicable limit of liability of this policy. ’ ’ (Italics supplied.)
*482 The plaintiff relies on an interpretation of substantially the same clause which is in this policy, as construed by the courts of several other States (cf. Kraynick v. Nationwide Ins. Co., 80 N. J. Super. 296; Coventry v. Steve Koren, Inc., 1 Ohio App. 2d 385, affd. 4 Ohio St. 2d 24; Mayberry v. Home Ins. Co., 264 N. C. 658 and cases cited therein). See, also, American Law Reports (vol. 76, 2d, Ann. pp. 978-995), which demonstrates that the courts throughout the country are about equally divided in this matter.
My attention is also called to Ramsey, “ Interest on Judgments under Liability Insurance Policies ” (1957 Ins. L. J. 407, 411 [July]). This article reported that the National Bureau of Casualty Underwriters has issued a directory to its member companies reading:
“ Several court cases have held that an insurer’s obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer’s liability thereon.
“ All Automobile and General Liability policies will be changed accordingly upon revision. In the meantime they should be interpreted in keeping with the above intent.”
The pertinent wording of the family automobile liability policy recommended by the National Bureau of Casualty Underwriters contains language stating that the insurance company is required to pay “ all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company’s liability thereon ” (Ins. L. J., supra, p. 411). (Italics supplied.)
This language changes the meaning of the policy with which we are here concerned.
The phrase in the defendant’s policy, “ all interest accruing after entry of judgment until the Company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the Company’s liability thereon ”, seems to me to be definitely restricted to interest accruing on the policy limit applicable to a particular contract.
*483 Plaintiff’s contention for a broader interpretation of the clause in this case has merit. However, with due respect for the views of the courts of some of our sister States, it seems to me that the concept of contractual limits imposed in certain automobile insurance policies should not be strained to include a meaning not plainly evident from the wording included therein.
In New York, the phraseology of the clause in the defendant’s policy has been consistently held to mean that the carrier is not responsible for interest on a verdict which has exceeded the stated policy limits (Home Ind. Co. v. Corie, 206 Misc. 720, affd. 286 App. Div. 996; Holubetz v. National Fire Ins. Co., 13 A D 2d 228; Lehmer v. County of Erie, 53 Misc 2d 710; Devlin v. New York Mut. Cas. Taxicab Ins. Assn., 213 App. Div. 152, 155; Sheridan v. Hartford Acc. & Ind. Co., 238 App. Div. 780).
I am aware also that some companies in this State have adopted the identical phraseology espoused by the National Bureau of Casualty Underwriters (e.g., the Family Combination Automobile Policy BJP 6013 of Utica Mutual Insurance Company, rev. Jan. 1, 1963).
It is noted that section 167 of the Insurance Law prescribes no standard respecting payment of interest on a judgment, and I hold that, in the interpretation of this contract, I am bound by the decisions of our courts. Judgment for the defendant.