233 So.2d 400 (1970)
STATE-WIDE INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Martin FLAKS, Appellee.
No. 69-604.
District Court of Appeal of Florida, Third District.
March 31, 1970.
Rehearing Denied April 10, 1970.
Carey, Dwyer, Austin, Cole & Selwood, and Edward A. Perse, Miami, for appellant.
Bolles, Goodwin, Ryskamp & Ware, and Robert C. Lane, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PER CURIAM.
As a result of an automobile accident which occurred in Florida, Martin Flaks, the appellee here, obtained a judgment against Aaron Bukspan, in the circuit court of Dade County, for damages for personal injuries in the amount of $150,000 *401 plus costs of $280. The judgment debtor Bukspan, a resident of the State of New York, was the insured under a liability indemnity automobile insurance policy which had been issued to him in New York by the appellant State-Wide Insurance Company, a foreign corporation, the said policy being a contract made and entered into between Bukspan and State-Wide in the State of New York.
Under its terms, the insurer's indemnity obligation was limited to $10,000 plus costs, and to pay certain interest. The provision relating to payment of interest was in the following language: "[to pay] all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of the judgment as does not exceed the limit of the company's liability thereon."
The judgment was entered on December 6, 1968. It was appealed to this court by Bukspan, without supersedeas. We affirmed the judgment on November 12, 1969.
While that appeal was pending, the judgment creditor Flaks, on March 27, 1969, caused to be issued out of the circuit court a writ of garnishment against Bukspan's insurer State-Wide Insurance Company, as garnishee. The garnishee filed an answer averring the policy limit of $10,000 per person injured; explaining that the amounts it was obligated to pay under the policy had been withheld because of and pending the appeal from the judgment; and averring that in event payment thereof should be required presently, its obligation to pay interest should be only for interest on that part of the judgment which it was obligated to pay, namely $10,000 plus the costs, rather than interest on the entire amount of the $150,000 judgment, for the reason that the insurance contract was made in the State of New York and its obligation with respect to the interest was so interpreted and fixed by the law of the State of New York. The plaintiff Flaks filed a traverse to the answer of the garnishee.
On June 26, 1969, the circuit court entered judgment in the garnishment proceeding, in favor of the plaintiff Flaks against State-Wide Insurance Company for the said sum of $10,000 plus the $280 costs, and held therein that the plaintiff Flaks was entitled to recover interest from the garnishee, at the rate of 6% per annum, on the full amount of the damage suit judgment of $150,000, and on the cost judgment, from their dates of entry.
On this appeal, the garnishee State-Wide Insurance Company contends, as it contended in the trial court, that under the clause of the policy which is quoted hereinabove it is not obligated to pay interest which has accrued on the full amount of the judgment, but only on the $10,000 thereof which is payable within the limits of the policy, as its obligation under such a contract provision is so interpreted by the law of the State of New York where the contract was made. We find merit in that contention of the appellant.
The ruling of the trial court, requiring the insured to pay interest on the full amount of the judgment until such time as it pays or tenders payment of the amount it owes within its policy limits, is in accordance with the law of Florida as the obligation in that respect has been determined upon interpretation by the Florida appellate courts of similarly worded provisions of an indemnity insurance contract. See Highway Casualty Company v. Johnston, Fla. 1958, 104 So.2d 734; Allstate Insurance Company v. Warren, Fla.App. 1961, 125 So.2d 886; Grain Dealers Mutual Insurance Company v. Quarrier, Fla.App. 1965, 175 So.2d 83.
On the other hand, under the law of the State of New York, a similarly worded provision of an indemnity contract for payment of interest is interpreted to create and impose an obligation on the insurer to pay interest only on that portion of the judgment *402 which is payable by the insurer under the policy according to its limits, and in this case that would be interest at 6% per annum on $10,000 of the judgment and on the cost judgment. See Devlin v. New York Mutual Casualty Taxicab Ins. Ass'n, 213 App.Div. 152, 210 N.Y.S. 57; Home Indemnity Co. v. Corie, 206 Misc. 720, 134 N.Y.S.2d 443, aff'd., 286 App.Div. 996, 144 N.Y.S.2d 712; Holubetz v. National Fire Insurance Co. of Hartford, 13 A.D.2d 228, 215 N.Y.S.2d 986.
In Walling v. Christian & Craft Grocery Co., 41 Fla. 479, 27 So. 46, 49, 47 L.R.A. 608, the Supreme Court of Florida, citing as authority therefor Scudder v. Union Nat. Bank of Chicago, 91 U.S. 406, 23 L.Ed. 245, held that "matters bearing upon the execution, interpretation, and validity of a contract are determined by the law of the place where it is made." That conforms to the generally accepted rule that matters bearing upon the execution, validity, interpretation and obligations of contracts are determined by the laws of the place where the contract is made, although matters connected with performance are regulated by the law of the place where the contract by its terms may have been provided to be performed and matters relating to procedure in actions on the contact depend upon the law of the forum. See Castorri v. Milbrand, Fla.App. 1960, 118 So.2d 563; Fincher Motors, Inc. v. Northwestern Bank & Trust Co., Fla.App. 1964, 166 So.2d 717.
Section 92.031 Fla. Stat., F.S.A., as an alternative to permitting a party to present evidence of the state of the law in another jurisdiction upon which he seeks to rely, provides that "every court of this state shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States," and further provides that "The court may inform itself of such laws in such manner as it may deem proper, and the court may call upon counsel to aid it in obtaining such information." Here the garnishee supplied notice of the law of the State of New York upon which it intended to rely by averments relating thereto in its answer. Under the Florida statute referred to, an appellate court, as well as the trial court, shall take judicial notice of the law of another state which is thus pleaded and relied upon by a party. Lanigan v. Lanigan, Fla. 1955, 78 So.2d 92; Holcombe v. Solinger & Sons Co., 5 Cir.1956, 238 F.2d 495.
As revealed by the decisions of the New York appellate courts cited hereinabove, under the law of that state of which this court thus should take judicial notice, provisions of indemnity insurance policy contracts relating to payment of interest accruing after entry of judgment, worded the same as the provision with respect thereto which is contained in the policy involved in this case, are interpreted to impose on the insurer the obligation to pay interest only on that amount or portion of the judgment which is within the policy limits, plus interest on the costs adjudged.
Therefore, giving effect to the rule that the interpretation and obligations of a contract, as determined in the state in which the contract is made, are applicable and to be observed in the enforcement thereof in another state, we reverse the judgment, in part, to the extent that it held the garnishee liable for interest on the full amount of the judgment; and upon remand the judgment should be revised to hold the insurer-garnishee liable for payment of such interest only on the portion of the judgment which is payable by the garnishee in accordance with its contract of indemnity, namely $10,000 thereof plus the $280 cost judgment.
Affirmed in part, and reversed in part, with directions.