PER CURIAM.
Plaintiff Michael Forrest appeals a final judgment dismissing his breach of contract action against the defendant Joel Korn-blatt. Two orders are appealed. The first is a partial summary judgment holding a covenant not to compete unenforceable. The second is a judgment in the nature of a directed verdict for defendant entered during the progress of the trial on the ground that plaintiff had not proved the written contract.
The partial judgment, holding the covenant not to compete unenforceable, is affirmed. The contract was made in Georgia and included that state as well as the state of Florida in the territory restricted. The trial judge correctly determined that the covenant was unenforceable in Georgia. See Taylor Publishing Company v. Jones, 226 Ga. 832, 177 S.E.2d 655 (1970). We recognize that the enforceability of the covenant in the courts of Florida must be determined by the law of this state. State-Wide Insurance Company v. Flaks, Fla.App. 1970, 233 So.2d 400. Under Fla.Stat. § 542.12, the trial judge is called upon to exercise a sound judicial discretion in determining whether such a covenant is conscionable and is reasonably limited in time and area. See the rule in Atlas Travel Service, Inc. v. Morelly, Fla. App.1957, 98 So.2d 816. This record does not show an abuse of discretion under the circumstances of this case. The partial summary judgment will be affirmed.
After the entry of the partial summary judgment there remained for trial the issue of plaintiff’s claim of damages for the alleged breach of the remaining portions of the contract. At trial, the judge sustained defendant’s objection to the admission into evidence of a signed, typewritten, second copy of the contract on the ground that only the typewritten original was the best evidence of the contract. Thereupon, the plaintiff moved for a continuance of trial which was denied. Plaintiff was given an opportunity to take a non-suit and when he declined, the cause was dismissed with prejudice.
The trial judge’s ruling that a duplicate original was not admissible in evidence *530 was error.[1] The ruling was in error upon the further ground that a copy of the contract had been identified by the defendant upon deposition. A copy of the contract was attached to the complaint and admitted to be the contract of the parties by the answer. See R.C.P. 1.140(h).
Therefore, the judgment dismissing plaintiff’s complaint is reversed and the cause remanded for trial of the issues raised by the pleading except those relating to the covenant not to compete.
Affirmed in part, reversed in part and remanded.

. “The rule requiring a party to introduce the best evidence of which the nature of the case admits and which it is within his power to produce is subject to an exception in the case of duplicate originals.” 29 Am.Jur.2d Evidence § 487 (1967).