498 So.2d 966 (1986)
AIU INSURANCE COMPANY, Appellant,
v.
Dawn M. REESE, Appellee.
No. 86-465.
District Court of Appeal of Florida, Second District.
October 15, 1986.
A.H. Lane and Donald G. Jacobsen of Lane, Trohn, Clarke, Bertrand & Williams, P.A., Lakeland, for appellant.
John W. Frost, II and David C. Lockwood of Frost & Purcell, P.A., Bartow, for appellee.
HALL, Judge.
Insurer AIU argues that the trial court erred in following Florida's simple negligence standard to determine liability in an Alabama automobile accident involving Florida resident Dawn Reese, a passenger in an uninsured Alabamian's vehicle which collided with a non-Alabama vehicle. We accept appellant's argument and agree that based on the most significant relationship test as fashioned in Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980), the gross negligence standard of Alabama's guest statute should have been chosen by the trial court as the applicable law.
We are urged that the determination of applicable law should be based upon a threshold characterization of the action as either sounding in contract or tort.
Appellee apparently prevailed upon the trial court to view the suit for uninsured motorist benefits as a contract action and apply the law of Florida, where the insurance policy was issued, on the authority of Andrews v. Continental Insurance Co., 444 So.2d 479 (Fla. 5th DCA 1984).
While we generally accept that an action in contract is appropriately resolved according to the laws of the situs where the contract is entered into, Statewide Insurance v. Flaks, 233 So.2d 400 (Fla.3d DCA 1970), it is appreciably more prevalent as evidenced by Bishop, State Farm Mutual Automobile Insurance Co. v. Olsen, 406 So.2d 1109 (Fla. 1981), to apply the law of the state which bears the most significant relationship to the action as set forth in the Restatement (Second) of Conflict of Laws 145-46. This test was in fact used by the Fifth District Court of Appeal in Andrews in which case the court applied Maine law to calculate interest on proceeds under a policy for uninsured motorist coverage that had been entered into in Maine.
In the instant case the insurance policy provides in pertinent part coverage of legally entitled damages. Alabama clearly bears the most significant relationship to the particular determination of those damages. This is less an action in contract than it is an action for liability and damages applicable to appellant's right of subrogation.
Alabama has the most significant relationship with the tort claim of Dawn M. Reese against her uninsured host driver. It clearly has a superior interest in having *967 its statutory standards of conduct honored, and therefore, Alabama law should prevail.
Reversed and remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and SANDERLIN, J., concur.