GARRETT, Judge,
dissenting.
Appellant, American East Investment Corp., argues that no replevin action could be maintained because appellee, Baring Industries, Inc. (Baring), the supplier, did not have a right to immediate possession of certain restaurant kitchen and refrigeration equipment at the time Baring filed a counterclaim to appellant’s complaint for breach of lease by appellee, Original Oliver, Inc. (Original Oliver), the purchaser. The majority adopts the appellant’s argument.
I acknowledge that no action for replevin shall lie for any person unless he has a right to reduce the goods taken into his possession. § 78.02(4), Fla.Stat. (1987). I further acknowledge that if possession is refused by the mortgagor, the mortgagee must resort to foreclosure to acquire possession of the property. Snow v. Nowlin, 125 Fla. 166, 169 So. 598 (Fla. 1936); Fincher Motors, Inc. v. Northwestern Bank & Trust Co., 166 So.2d 717 (Fla. 3d DCA 1964). However, nothing prevents a mortgagor from voluntarily surrendering possession of the property to the mortgagee as Original Oliver did by its January 4, 1985 letter[1] to Baring, whose attempts to remove the equipment from the premises demonstrated acceptance of the offered possession. Accordingly, I respectfully dissent by finding Baring had the right to possession necessary to maintain the re-plevin action for the equipment.

. The letter written in response to appellant’s notice of default letter- to Original Oliver stated,
“Sorry to send you a copy of a letter dated 12/28/84 from American Eastern Investment.
“All the material and equipment is in the commissory 5061 NE 13th Avenue Fort Laud-erdale, so be in touch with the owner if you want to take back the equipment.”