■ JOYCE DINGLE, Appellant, v PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Respondent. [611 NYS2d 242] — In an action to compel full payment of moneys due to a personal injury plaintiff by a judgment debtor's insurer, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 16, 1992, which granted summary judgment to the defendant and declared that the defendant had paid over to the plaintiff all moneys to which she was entitled.

Ordered that the order is affirmed, with costs.

The cases construing 11 NYCRR 60.1 (b) have consistently held that where a judgment has been entered against an insured in an amount in excess of the insurance policy limits, the insurer is required to pay interest only on so much of the judgment as is covered by the policy *(see, e.g., Shnarch v Empire Mut. Ins. Co.,* 144 AD2d 795; *Holubetz v National Fire Ins. Co.,* 13 AD2d 228; *United States Fid. & Guar. Co. v Hotkins,* 8 Misc 2d 296; *Home Indem. Co. v Corie,* 206 Misc 720, *affd* 286 App Div 996).

Although the obligation to pay interest on the policy limits accrues from the date that liability is established, rather than from the date on which damages are fixed *(see, Love v State of New York,* 78 NY2d 540), the insurance policy at issue here contained a provision which was "more favorable" to the insured than the prevailing law *(see,* 11 NYCRR 60.1 [b]). According to this policy term, the defendant agreed to pay additional interest on the full judgment against its insured, computed from "the time the court decides the amount"—i.e., the date damages were fixed *(see, Trimboli v Scarpaci Funeral Home,* 37 AD2d 386, *affd* 30 NY2d 687). The defendant fulfilled that obligation. Where, as here, the language of the policy is clear and unambiguous, the court properly enforced the contract terms as written *(see, Matter of Valente v Pruden-*

*tial Prop. & Cas. Ins. Co.,* 77 NY2d 894; *Government Empls. Ins. Co. v Kligler,* 42 NY2d 863).

In view of the foregoing determination, we decline to address the parties' remaining contentions. Bracken, J. P., Copertino, Altman and Friedmann, JJ., concur.