■ HOME INDEMNITY COMPANY, Appellant, v DAVID REID et al., Respondents, et al., Defendant. [628 NYS2d 779] —In an action for a judgment declaring that the plaintiff is not obligated to pay post-judgment interest accrued on the gross sum of an underlying judgment insofar as the judgment exceeds the limits of an insurance policy issued by the plaintiff, the appeal is from a judgment of the Supreme Court, Nassau County (Kohn, J.), dated December 6, 1993, which, upon the denial of its motion for summary judgment and upon granting the cross motion of the defendants for summary judgment on their counterclaim, is in favor of the defendants and against the plaintiff in the principal sum of $93,251.20.

Ordered that the judgment is reversed, on the law, with costs, the plaintiffs' motion is granted, the cross motion is denied and the matter is remitted to the Supreme Court, Nassau County, for entry of a judgment declaring that the plaintiff is not obligated to pay any additional amount toward post-judgment interest beyond the $89,062.50 it has previously paid to the defendants.

Neither the relevant language contained in the insurance policy issued by the plaintiff Home Indemnity Company (hereinafter Home) nor the terms of 11 NYCRR 60-1.1 (b) require that Home pay any post-judgment interest which is based on that portion of the underlying judgment which exceeds the limits of Home's policy (see, Dingle v Prudential Prop. & Cas.

*Ins. Co.,* 85 NY2d 657, *affg* 203 AD2d 512; *see also, Shnarch v Empire Mut. Ins. Co.,* 144 AD2d 795; *Holubetz v National Fire Ins. Co.,* 13 AD2d 228; *Coveney v Nationwide Mut. Ins. Co.,* 58 Misc 2d 480, *affd* 33 AD2d 992; *Home Indem Co. v Corie,* 206 Misc 720, *affd* 286 App Div 996). Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.