■ CATHERINE FAMA, Individually and as Administrator of the Estate of ANTHONY FAMA, Deceased, Appellant, v METROPOLITAN PROPERTY & CASUALTY INSURANCE Co., Respondent. [662 NYS2d 784] —In an action, *inter alia*, to compel payment of insurance proceeds, the plaintiff appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 28, 1996, as (1) granted that branch of the defendant's motion for summary judgment which was to dismiss her claim for postjudgment interest and declared that the defendant does not have to pay interest on the judgment, and (2) denied that branch of her cross motion which was for summary judgment upon her claim for postjudgment interest on the entire judgment.

Ordered that the order and judgment is modified, on the law, by (1) deleting so much of the first decretal paragraph as granted that branch of the defendant's motion which was to dismiss the plaintiff's claim for postjudgment interest and declared that the defendant does not have to pay interest on the judgment and substituting therefor provisions (a) denying that branch of the defendant's motion, and (b) declaring that the defendant has an obligation to pay postjudgment interest on the policy limit of $50,000, (2) deleting the second decretal paragraph, and (3) deleting the third decretal paragraph and substituting therefor a provision granting the plaintiff's cross motion to the extent that it is declared that the defendant must pay postjudgment interest on the policy limit of $50,000; as so modified, the order and judgment is affirmed insofar as

appealed from, with costs to the plaintiff and the matter is remitted to the Supreme Court, Westchester County, for calculation of the interest due the plaintiff on the principal sum of $50,000 from the date of entry of the underlying liability judgment through the date of payment of the $50,000 and for entry of a judgment thereon.

The defendant contends that in 1991 it offered to settle the plaintiff's wrongful death action against the defendant's insured for the policy limit of $50,000, which offer was rejected. In January 1993 a judgment was entered in the action against the defendant's insured for $1,824,515.10. The defendant maintains that its offer constituted a tender which relieved it of any obligation to pay postjudgment interest pursuant to Insurance Regulation 11 NYCRR 60-1.1 (b). The regulation provides that an insurer shall pay "all interest accruing after entry of judgment until the insurer has paid or tendered or deposited in court such part of such judgment as does not exceed the applicable policy limits." The Supreme Court agreed and, *inter alia*, declared that the defendant's sole obligation to the plaintiff was to pay the policy limit of $50,000. We disagree.

The defendant's claims representative sent counsel for the insured in the wrongful death action a draft for $50,000 to be held in escrow pending settlement. Insofar as can be determined from the record, the insured's counsel thereafter handled negotiations with the plaintiff's counsel regarding those funds. The letter in which the insured's counsel presented the defendant's offer to the plaintiff is not included in the record on appeal, although there does not seem to be a dispute that a general release was part of that proposal. We do not agree with the Supreme Court that we may assume, on the basis of this record, that the release was merely routine or that the tender was unconditional. In addition, the evidence in the record fails to establish that the defendant made a tender of the $50,000 policy limit after judgment was entered, which would have prevented postjudgment interest from accruing.

This case is distinguishable from *State Farm Mut. Auto. Ins. Co. v Tucker* (188 AD2d 458), relied upon by the defendant, in which this Court upheld a determination that a tender of the insurance policy limit relieved the insurance company of the obligation to pay postjudgment interest. In *Tucker,* the insurance company's attorney made an unconditional offer in open court prior to commencement of the trial of the underlying personal injury action to pay its insured's policy limit. After the judgment was entered against its insured, the insurance

company, pursuant to a stipulation, placed the disputed funds in escrow.

Here, since there was no valid tender of the policy limit, the defendant remained liable for postjudgment interest. However, we reject the plaintiff's further claim that she was entitled to recover interest based on the entire amount of the judgment. The defendant did not obligate itself under the subject insurance policy to pay any postjudgment interest beyond that applicable to its policy limit amount, and the law does not require more (*see, Dingle v Prudential Prop. & Cas. Ins. Co.,* 85 NY2d 657, 660-661; *Home Indem. Co. v Reid,* 216 AD2d 530, 531). Therefore, the plaintiff was entitled to summary judgment awarding her interest upon the policy limit amount of $50,000, calculated from the date of entry of the underlying judgment (Jan. 25, 1993) through the date the policy limit was ultimately paid. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.