In an action to recover damages for breach of contract and, in effect, for a judgment declaring that the defendants are obligated under an insurance policy to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with an underlying action entitled Villanueva v Kahn, commenced in the Supreme Court, Bronx County, under index No. 21290/00, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Murphy, J.), entered June 24, 2011, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (5), in effect, to dismiss so much of the complaint as sought to recover damages for breach of the subject insurance policy and for a judgment declaring that they are not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) (1) and (5), in effect, to dismiss so much of the complaint as sought to recover damages for breach of the subject insurance policy and for a judgment *820 declaring that they are not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in correction with the underlying action are granted, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the defendants are not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action.
In 1999, the defendants, Hospitals Insurance Company, Inc., and HANYS Insurance Company, Inc. (hereinafter together HIC), issued an Excess Professional Liability Insurance Policy (hereinafter the excess policy) to the plaintiff. The policy provided coverage in excess of an underlying professional liability policy, which had a policy limit of $1,000,000 per claimant and was issued by the nonparty Group Council Mutual Insurance Company (hereinafter Group Council). Subsequently, an action entitled Villanueva v Kahn was commenced against the plaintiff in the Supreme Court, Bronx County (hereinafter the underlying action). In or about March 2002, Group Council became insolvent, and the Superintendent of Insurance of the State of New York (hereinafter the Superintendent) was appointed as Group Council’s liquidator.
In March 2006, the jury in the underlying action returned a verdict against the plaintiff in the principal sum of $1,100,000. After the Superintendent and HIC paid $1,000,000 and $100,000, respectively, the Supreme Court in the underlying action entered an amended judgment against the plaintiff for costs and the accumulated interest. Thereafter, HIC paid its proportional share of the interest, based on that portion of the underlying judgment which it had been obligated to pay under the excess policy. The plaintiff commenced this action against HIC, alleging, among other things, that HIC breached the excess policy by failing to indemnify him for costs and the remaining amount of unpaid interest. Prior to answering, HIC moved, inter alia, pursuant to CPLR 3211 (a) (1) and (5), in effect, to dismiss so much of the complaint as sought to recover damages for breach of the subject insurance policy and for a judgment declaring that they are not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action. The Supreme Court denied those branches of the motion. HIC appeals, and we reverse the order insofar as appealed from.
A party seeking relief pursuant to CPLR 3211 (a) (1) “ ‘on the ground that its defense is founded upon documentary evidence . . . has the burden of submitting documentary evidence *821 that resolves all factual issues as a matter of law, and conclusively disposes of the plaintiffs claim’ ” (Flushing Sav. Bank, FSB v Siunykalimi, 94 AD3d 807, 808 [2012], quoting Mazur Bros. Realty, LLC v State of New York, 59 AD3d 401, 402 [2009]; see Leon v Martinez, 84 NY2d 83, 88 [1994]). Further, a motion pursuant to CPLR 3211 (a) (5) may be granted where the documentary evidence establishes the defense of payment as a matter of law (see Stone v National Bank & Trust Co., 188 AD2d 865, 866-867 [1992]).
Contrary to the plaintiffs contention, the documentary evidence submitted by HIC, including the insurance policies and a check payable to the plaintiff in the underlying action, representing HIC’s proportional share of the costs and interest set forth in the amended judgment, conclusively disposed of the plaintiffs claim that HIC failed to satisfy its obligations under the excess policy. HIC was only responsible for prejudgment interest on that portion of the underlying judgment which it was obligated to pay under its policy (see generally Dingle v Prudential Prop. & Cas. Ins. Co., 85 NY2d 657 [1995]; Fama v Metropolitan Prop. & Cas. Ins. Co., 242 AD2d 663 [1997]; Home Indem. Co. v Reid, 216 AD2d 530, 531 [1995]), and the excess policy conclusively established that HIC had no obligation to pay post-judgment interest or costs.
The parties’ remaining contentions either need not be reached in light of our determination or are without merit.
Accordingly, the Supreme Court should have granted those branches of HIC’s motion which were pursuant to CPLR 3211 (a) (1) and (5), in effect, to dismiss so much of the complaint as sought to recover damages for breach of the subject insurance policy and for a judgment declaring that they are not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that HIC is not obligated to indemnify the plaintiff for costs and the remaining amount of unpaid interest incurred in connection with the underlying action (see Lanza v Wagner, 11 NY2d 317 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.