■ GILBERT RODRIGUEZ, as Administrator of the Estate of AARON C. RODRIGUEZ, Deceased, et al., Respondents, and GEORGE SANCHEZ et al., Respondents-Appellants, v DIELMA RODRIGUEZ, Appellant-Respondent, and ALBERT GRAHAM, Respondent, et al., Defendant. — Order entered March 8, 1982 in Supreme Court, Bronx County (David Levy, J.), which, among other things, determined the amount of interest due from each insurance carrier, unanimously modified, on the law and the facts, to the extent of deleting from paragraph (5) the words, "on $16,750.00 the balance of their policy coverage," and substituting therefor the words, "on the full amounts of the said judgment," (so that paragraph [5] conforms with paragraph [6]), and otherwise affirmed, without costs. The Commissioner of Insurance has, pursuant to sections 10, 21 and 623 of the Insurance Law, provided that, as a minimum, automobile liability insurance policies must assure that the insurer will "pay * * * all interest accruing after entry of judgment until the insurer has paid or tendered or deposited in court such part of such judgment as does not exceed the applicable policy limits" (11 NYCRR 60.1 [b]). This rule conforms to the practice in a majority of the other 49 States (cf. 8A Appleman, Insurance Law

and Practice, § 4894.25, pp 78-79), and, indeed, has been implicitly commended by the National Bureau of Casualty Underwriters (see, e.g., Ramsey, Interest On Judgments Under Liability Insurance Policies, 414 Ins LJ 407, 411). The issue was addressed in *Dukes v Royal Globe Ins. Co.* (90 AD2d 708), which we affirmed without opinion with the Court of Appeals recently denying leave to appeal (58 NY2d 608). Respondent Graham here argues that the more narrow language in his policy with the Travelers Insurance Company limits the interest payable on his behalf to the amount remaining on his policy. We hold that the above-cited rule supersedes such a contract clause. To hold otherwise would be an encouragement of protracted litigation, by which the insurers would reap the differential benefits of high commercial interest rates at the expense of both the insured as well as the victim or victims of the "accident". While the latter's situation is obvious, Professor Appleman concisely states the dilemma of the insured: "It seems fair to compel the insurer to pay all the interest which accrues pending an appeal, even though the judgment is in excess of the policy limits, for the reason that the insured might desire to pay the excess judgment and thus prevent the running of interest, but the insurer's control of the litigation would prevent him from doing so. And the latter rule is now easily the majority doctrine" (*op. cit.,* pp 78-79; see, also, 2 Long, Law of Liability Insurance, §§ 9.01-9.02, pp 9-1 — 9-12). To further avoid the rule's effect it is argued that both insurance companies have complied inasmuch as they made a pretrial offer to tender the full amounts available on the policies to the plaintiffs on condition that plaintiffs apportion among themselves the combined corpus. This argument, too, must fail. Neither insurer's offer constituted the "unconditional offer of payment" required to constitute "tender" within the meaning of New York common law (see 59 NY Jur, Tender, § 1). Concur — Sandler, J. P., Carro, Silverman, Fein and Kassal, JJ.