■ YEHIEL SHNARCH, Respondent, v EMPIRE MUTUAL INSURANCE COMPANY, Appellant.—Levine, J. Appeals (1) from an

order of the Supreme Court (Kahn, J.), entered October 22, 1987 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment, (2) from the judgments entered thereon, and (3) from an order of said court, entered February 8, 1988 in Albany County, which denied defendant's motion for reargument and/or renewal.

Plaintiff was injured in an automobile accident and obtained a judgment against defendant's insured in the amount of $191,000, which was affirmed on appeal *(Shnarch v Owen,* 124 AD2d 372). Plaintiff subsequently commenced this direct action against defendant, pursuant to Insurance Law § 3420 (a) (2), in which he seeks payment of the $10,000 limitation of coverage in the policy, plus costs, and interest calculated on the entire amount of the judgment. Plaintiff moved for summary judgment and Supreme Court granted the motion and entered judgment on each cause of action. Defendant's subsequent motion for renewal and/or reargument was denied by Supreme Court. These appeals by defendant ensued.

The sole issue raised in this appeal is whether Supreme Court properly ruled that defendant was liable for postjudgment interest on that portion of the judgment which exceeds the policy limit. In its decision, Supreme Court relied on case law interpreting a State Insurance Department regulation which requires that, at minimum, automobile liability insurance policies contain a provision obligating the insurer to "pay * * * all interest accruing after entry of judgment until the insurer has paid or tendered or deposited into court such part of such judgment as does not exceed the applicable policy limits" (11 NYCRR 60.1 [b]).

In New York, the long-standing interpretation of such a policy clause has required insurance carriers to pay postjudgment interest only on that portion of the judgment which does not exceed the policy limit *(see, Coveney v Nationwide Mut. Ins. Co.,* 58 Misc 2d 480, 483, *affd* 33 AD2d 992; *see also,* Annotation, 76 ALR2d 983, 991, 993; 71 NY Jur 2d, Insurance, § 1778, at 161). Two recent cases from the First Department, however, have interpreted 11 NYCRR 60.1 (b) to require an insurer to pay interest on the entire judgment, even when it exceeds the applicable policy limit, invalidating more restrictive provisions contained in individual policies *(Rodriguez v Rodriguez,* 93 AD2d 748; *Dukes v Royal Globe Ins. Co.,* 90 AD2d 708, *lv denied* 58 NY2d 608 [affg without opn an unreported decision of Sup Ct, NY County, Jan. 5, 1982, Tyler, J.]). In *Dukes,* the first case to depart from New York's traditional rule, Supreme Court distinguished the prior deci-

sions, stating that "[w]hile earlier cases in New York contained different language [than 11 NYCRR 60.1 (b)] and reached different results * * * the prevailing authority throughout the country today permits recovery of all interest regardless of the policy limits" (Sup Ct, NY County, Jan. 5, 1982, Tyler, J., slip opn, at 5 [citations omitted]).

We disagree, however, with the conclusion in *Dukes* that the earlier New York case law is not controlling. On the contrary, the policy language in the prior cases was essentially *identical* to that which appears in 11 NYCRR 60.1 (b) *(Coveney v Nationwide Mut. Ins. Co., supra; Home Indem. Co. v Corie,* 206 Misc 720, *affd* 286 App Div 996; *Devlin v New York Mut. Cas. Taxicab Ins. Assn.,* 213 App Div 152; *United States Fid. & Guar. Co. v Hotkins,* 8 Misc 2d 296; *see also,* Annotation, 76 ALR2d 983, 991, 993). Moreover, the relevant wording of the insurance regulation has not changed at all since the period when the traditional New York rule was still in effect.

Based on the foregoing, we conclude that stare decisis requires this court to adhere to its prior decision holding that insurance carriers are liable for interest only on that portion of the judgment which is covered by the insurance policy, unless the contract of insurance contains a broader provision *(see, Holubetz v National Fire Ins. Co.,* 13 AD2d 228). We also reject defendant's contention that it made an effective tender of the total amount due under the policy *(see, United States Fid. & Guar. Co. v Hotkins,* 8 Misc 2d 296, 301, *supra; see also,* 59 NY Jur, Tender, § 14, at 20 [1968]). Finally, we find no reason to disturb the order of Supreme Court denying defendant's motion for reconsideration.

Order entered October 22, 1987 and judgments modified, on the law, without costs, by reversing so much thereof as directed payment of interest in the sum of $38,995.46; it is directed that defendant pay postjudgment interest on $10,000; and, as so modified, affirmed.

Order entered February 8, 1988 affirmed, without costs. Kane, J. P., Mikoll, Levine, Harvey and Mercure, JJ., concur.