■ Howard Carter et al., Appellants-Respondents, v Mount Vernon Fire Insurance Company, Respondent-Appellant, et al., Counterclaim Defendants.—Order, Supreme Court, Bronx County (Bertram Katz, J.), entered December 20, 1990, which, insofar as appealed from, in an action seeking a declaration that defendant insurer is not under a duty to defend and indemnify additional defendant insureds against plaintiffs' claims for personal injury and loss of consortium, denied plaintiffs' motion and defendant's cross motion for

summary judgment with leave to renew upon completion of disclosure on the issue of late notice, unanimously modified, on the law, to grant plaintiffs' motion for summary judgment with judgment in favor of plaintiffs and against defendant Mount Vernon Fire Insurance Company awarded in the amount of $300,000, the limit of the subject policy, together with interest on the full amount of plaintiffs' unsatisfied judgment against additional defendants from the date of its entry, June 17, 1988, and otherwise affirmed, with costs. The Clerk is directed to enter judgment in favor of plaintiffs accordingly.

Unrefuted documentary evidence establishes that plaintiff injured parties' notice of the accident to defendant insurer preceded that of counterclaim defendant insureds, and thus we find it unnecessary to decide whether, as defendant argues, citing *Massachusetts Bay Ins. Co. v Flood* (128 AD2d 683, *lv denied* 70 NY2d 612; *but cf., Walters v Atkins,* 179 AD2d 1067), plaintiff's notice would be superfluous if not first in time. Since defendant's denial of liability was based solely on its insureds' failure to give it written notice of claim, it could no longer deny liability on the basis of plaintiffs' ostensible failure to give timely notice *(General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Matter of Aetna Cas. & Sur. Co. v Rodriguez,* 115 AD2d 418 [Ellerin, J., concurring]).

Plaintiffs are therefore entitled to summary judgment as against defendant in the amount of the policy with interest on the full amount of the unsatisfied default judgment entered against defendant's insureds, from the date of its entry, June 17, 1988, as specifically provided in the policy *(Rodriguez v Rodriguez,* 93 AD2d 748). We have reviewed defendant's remaining claims and find them to be without merit. Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.