OPINION OF THE COURT
 

 Titone, J.
 

 In
 
 Love v State of New York
 
 (78 NY2d 540), this Court held that, in a bifurcated personal injury action, a successful plaintiff is properly awarded prejudgment interest from the date of the decision establishing liability rather than from the
 
 *659
 
 date of the damages verdict. The follow-up issue presented in this case is whether an insurer is liable in a bifurcated trial for prejudgment interest on the entire amount of the judgment against its insured, or only for interest on that portion of the judgment the insurer is obligated to pay under the policy limits. We hold that under current insurance regulation, this Court’s precedent, and public policy, the insurer is only liable for interest on that portion of the judgment it must pay up to the policy limits, unless the contract of insurance contains a more generous provision.
 

 I.
 

 Plaintiff Joyce Dingle was injured in a car accident caused by the negligence of Patricia Virga, a driver insured by defendant Prudential Property and Casualty Insurance Company. After completion of the liability portion of the trial, the jury found Virga 100% responsible for plaintiff’s injuries. Damages were awarded at a separate proceeding completed more than a year after the liability portion of the trial, and, at that time, the final judgment awarding plaintiff $592,672.21 against Virga was entered.
 

 Virga’s automobile insurance policy with defendant had a $100,000 limit. The contract of insurance contained a clause providing that defendant insurer will pay all interest on the full amount of the judgment that accrues between the date of the damages verdict and the date the insurer tenders payment of its portion of the judgment.
 
 [1]
 
 The agreement is silent, however, as to the insurer’s responsibility for payment of interest accruing between the date liability is determined and the date damages are fixed in a bifurcated trial.
 

 Defendant construed its obligation to pay interest for the period between the liability and damages verdicts as being based only on that portion of the judgment reflecting the policy limits. Accordingly, defendant paid plaintiff the sum of $140,563, which included: (1) $100,000, representing the policy limit of liability; (2) $15,000,
 
 representing the interest on
 
 
 *660
 

 $100,000 accruing from the date of the liability verdict to the date of the damages award;
 
 (3) $21,485, constituting interest on the entire award from the date of the damage award to the date of tender; and (4) $4,077, representing costs, and interest thereon.
 

 On February 6, 1992, plaintiff commenced this action challenging the second component of the tendered sum above — the amount of interest accruing from the date of the liability verdict to the date of the damages verdict. Plaintiff sought an additional $39,508 from defendant, representing the difference between the interest on the entire judgment of $592,672 and the amount actually tendered for that period.
 

 Supreme Court granted defendant’s motion for summary judgment and declared that defendant had paid plaintiff "all that the law, insurance regulations and policy provisions * * * fairly require.” Following what it termed the "traditional” interpretation of the relevant State insurance regulation, 11 NYCRR 60-1.1 (b), the court concluded that "insurance carriers are required to pay interest only on that portion of a judgment within the policy limit unless the policy contains specifically broader provisions.” The court declared that where there is an excess judgment in a bifurcated trial "the insurer’s responsibility is presently satisfied when interest is paid on the covered amount computed from the date of damages determination to actual payment.” The Appellate Division affirmed on substantially similar reasoning. We granted plaintiff’s motion for leave to appeal, and affirm.
 

 II.
 

 Our point of departure in this case is the pertinent insurance regulation — 11 NYCRR 60-1.1 (b). That section, entitled "Mandatory provisions,” provides that all owner’s automobile liability insurance policies must contain language at least as favorable to the insured as the following: "the insurer, subject to the policy terms shall: * * * pay * * *
 
 all interest accruing after entry of judgment until the insurer has paid
 
 or tendered or deposited in court such part of such judgment as does not exceed the applicable policy limits.”
 
 (Id.
 
 [emphasis added].) Any policy language that conflicts with the regulation, or which is less generous to the insured, will be deemed unenforceable and superseded by the regulation. Plaintiff contends that the underscored regulatory language plainly requires insurers to pay "all interest” accruing on the entire judgment from the date that liability is set. We disagree.
 

 
 *661
 
 The regulation at issue substantially incorporates language which has long been embodied in contracts of insurance. Thus, the customary construction given to that standard contract clause provides guidance in interpreting the similarly worded regulation
 
 (Shnarch v Empire Mut. Ins. Co.,
 
 144 AD2d 795). Traditionally, the insurer’s responsibility under that clause has been limited to the payment of interest on the sum it is obligated to pay up to the policy limits
 
 (Home Indem. Co. v Corie,
 
 206 Misc 720,
 
 affd without opn
 
 286 App Div 996;
 
 Holubetz v National Fire Ins. Co.,
 
 13 AD2d 228;
 
 Shnarch v Empire Mut Ins. Co.,
 
 144 AD2d 795,
 
 supra;
 
 71 NY Jur 2d, Insurance, § 1778, at 161-162). The rationale for limiting the insurer’s interest payments to the amount corresponding to the policy limits derives from the theory that interest is compensation for the use or retention of money belonging to another (71 NY Jur 2d, Insurance, § 1778, at 162;
 
 see also, Love v State of New York,
 
 78 NY2d 540, 544,
 
 supra).
 
 It follows from that theory that the insurer should only be liable for interest on that portion of the judgment it has retained and presumably benefitted from — the amount of its liability. Thus, in light of the nature and function of interest payments, the reference in the policy language to "all interest” has consistently been construed to relate only to interest on the amount the insurer is obligated to pay, since, during the delay in payment, the insured has enjoyed the use of the sum constituting the excess for which the insurer is not liable. Accordingly, we conclude that, in the absence of a more generous insurance contract term, 11 NYCRR 60-1.1 (b) requires an insurer to pay interest on the amount of its obligation up to the policy limits and not on the entire judgment against its insured.
 

 Plaintiff urges this Court to adopt the construction of the regulation reached in
 
 Rodriguez v Rodriguez
 
 (93 AD2d 748) in which the First Department concluded that the insurer must pay interest on the entire judgment to satisfy 11 NYCRR 60-1.1 (b)’s reference to the insurer’s payment of "all interest.” The generally advanced policy justification for that conclusion, which apparently has been reached in a number of other jurisdictions (see, 8A Appleman, Insurance Law and Practice § 4894.25, at 77-79), is that the insurer should assume those additional costs because it controls the litigation and thus is responsible for the delay in fixing damages and for the consequent running of interest
 
 (Rodriguez, 93
 
 AD2d, at 749). We decline to follow that approach.
 

 
 *662
 
 In
 
 Love v State of New York
 
 (78 NY2d 540,
 
 supra),
 
 we discredited the use of such a "fault-based analysis” in determining
 
 when
 
 the right to prejudgment interest accrues. There we concluded that because interest "is intended to indemnify successful plaintiffs 'for the nonpayment of what is due to them’ * * * and is not meant to punish defendants for delaying the final resolution of the litigation * * * responsibility for the delay should not be the controlling factor in deciding whether interest is to be computed from the date of the liability verdict or, instead, from the date of the verdict on damages”
 
 (id.,
 
 at 544 [citation omitted]). Additionally, as we indicated in
 
 Love,
 
 connecting the duty to pay interest with the responsibility for delay would only penalize a party for "exercising a legitimate right [to take an interlocutory appeal] ordinarily enjoyed by all litigants”
 
 (id.,
 
 at 545).
 

 Similarly, the assignment of responsibility for controlling the litigation or delaying the damages verdict does not govern who must pay for predamages-judgment interest. Rather, in light of the nature of interest as a component of a plaintiff’s recovery, the controlling inquiry should be
 
 who
 
 has retained or benefitted from the money belonging to the plaintiff during that period. Where, as here, a damages verdict in excess of the policy limits is entered, the only fair conclusion is to require the insurer to pay plaintiff for use of the portion of the judgment it is responsible for under the policy and to require the insured to repay the plaintiff for use of the money in excess of the policy limits. Thus, the courts below properly concluded that defendant insurer, having tendered the policy limits, prejudgment interest on the policy limit, postjudgment interest on the entire judgment against its insured,
 
 [2]
 
 and costs plus interest thereon, paid plaintiff all of the money it owed under the contract of insurance, the relevant insurance regulation and this State’s jurisprudence.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . The clause specifically states: "After the case is decided, we’ll pay the amount which the Court decides you or anyone else is responsible for, up to the maximum amount shown * * *. We’ll pay any costs you may be responsible for.
 
 We’ll also pay all interest on the amount for which the Court judges you
 
 or any other insured
 
 responsible that builds up between the time the Court decides the amount and the time we pay the amount which we’re obliged to pay”
 
 (emphasis added).
 

 [2]
 

 . We note that defendant insurer has agreed by contract provision to pay interest on the entire judgment from the date of the damages verdict to the date it tenders payment — an undertaking that is more generous than that required by 11 NYCRR 60-1.1 (b).