■ CATHERINE M. BEST et al., Respondents, v PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant. [813 NYS2d 673]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the

defendant's insured, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 28, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant insurer made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the plaintiffs failed to serve it with a copy of the unsatisfied judgment they obtained against the defendant's insured, with notice of entry, 30 days before they commenced this direct action against it, as required by Insurance Law § 3420 (a) (2). Compliance with the requirements of Insurance Law § 3420 (a) (2) is a condition precedent to maintenance of a direct action under that statute (*see McNamara v Allstate Ins. Co.*, 3 AD2d 295, 299 [1957]). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Crane, J.P., Goldstein, Luciano and Dillon, JJ., concur.