■ MARIA GUAYARA, Respondent, v HUDSON INSURANCE COMPANY, Appellant. [852 NYS2d 359]—

In an action pursuant to Insurance Law § 3420 to recover an unsatisfied judgment against the defendant's insured, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated July 24, 2006, as, upon reargument, vacated a prior order of the same court dated March 10, 2006, denying the plaintiff's motion for summary judgment on the complaint and granting its cross motion for summary judgment dismissing the complaint, and thereupon, granted the plaintiff's motion and denied its cross motion.

Ordered that the order dated July 24, 2006 is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the order dated March 10, 2006 denying the plaintiff's motion for summary judgment on the complaint and granting the defendant's cross motion for summary judgment dismissing the complaint is adhered to.

Insurance Law § 3420 (a) (2) provides that "in case judgment against the insured . . . shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may . . . be maintained against the insurer." Thus, an injured party may only sue the

tortfeasor's insurance company directly if the injured party first obtains a judgment against the tortfeasor, and then serves the insured, or the insured's attorney, *and the insurance company*, with a copy of the unsatisfied judgment and notice of entry of the unsatisfied judgment and awaits payment for 30 days (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 354 [2004]). Compliance with the requirements of Insurance Law § 3420 (a) (2) is a condition precedent to a direct action by the injured party against the insurance company (*see Lang v Hanover Ins. Co.*, 3 NY3d at 354).

The defendant insurer made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating, in its cross motion for summary judgment, that the plaintiff failed to serve it with a copy of the unsatisfied judgment she had obtained against the insured, with notice of entry, 30 days before she commenced this direct action against it, as mandated by Insurance Law § 3420 (a) (2) (*see Best v Progressive Cas. Ins. Co.*, 29 AD3d 503, 504 [2006]).

In opposition to the defendant's cross motion for summary judgment, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the plaintiff's contention, she did not comply with the service requirements of Insurance Law § 3420 (a) (2) by sending a letter to the broker of the insured, rather than to the insurer, informing the broker that the judgment enclosed with the letter had been entered against the insured and requesting the broker to satisfy the judgment forthwith. This mailing was insufficient despite the fact that the letter and the judgment apparently were forwarded by the broker to the insurer (*see Thrasher v United States Liab. Ins. Co.*, 19 NY2d 159, 167 [1967]; *Gershow Recycling Corp. v Transcontinental Ins. Co.*, 22 AD3d 460, 462 [2005]; *Matter of First Cent. Ins. Co.*, 3 AD3d 494, 495 [2004]). The plaintiff's contention that the broker would not cooperate with her in identifying the insurer, standing alone, does not demonstrate that it was impossible for her to learn the insurer's identity and directly serve it with the judgment and notice of entry in proper form (*see McNamara v Allstate Ins. Co.*, 3 AD2d 295, 298 [1957]).

In light of our determination, we need not address the parties' remaining contentions. Rivera, J.P., Lifson, Angiolillo and Balkin, JJ., concur.