■ CARLOS GUZMAN, Appellant, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Respondent. [880 NYS2d 302]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's insured, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated September 26, 2007, as denied his motion for summary judgment on the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

Insurance Law § 3420 (d) (2) states that written notice of a disclaimer shall be given "as soon as is reasonably possible" after the insurer learns of the grounds for disclaimer of liability or denial of coverage (*see First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64 [2003]; *Matter of Firemen's Fund Ins. Co. of Newark v Hopkins,* 88 NY2d 836, 837 [1996]; *Varella v American Tr. Ins. Co.,* 306 AD2d 464 [2003]). "An insurer's failure to [timely disclaim liability or deny coverage] 'precludes effective disclaimer or denial,' even where the insured and the injured party have failed to provide the insurer with timely notice of the claim in the first instance" (*Matter of Allstate Ins. Co. v Cruz,* 30 AD3d 511, 512 [2006], quoting *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029 [1979] [citation omitted]).

The plaintiff submitted an affidavit of service by mail dated February 12, 2003, stating that service by mail was made that day of a judgment with notice of entry. The judgment had been entered in his favor and against the defendant's insured on February 10, 2003. This raised a presumption that a proper mailing occurred. In opposition, the defendant's papers failed to raise a triable issue of fact regarding service of the judgment (*see Kihl v Pfeffer,* 94 NY2d 118, 122 [1999]; *Engel v Lichterman,* 62 NY2d 943, 944-945 [1984]; *Kendall v Kelly,* 283 AD2d 401 [2001]).

In addition, under the facts and circumstances of this case, the defendant's 51-day delay before disclaiming coverage on April 4, 2003, on the ground of late notice of the underlying lawsuit, was unreasonable as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.,* 1 NY3d 64 [2003]; *Sirius Am. Ins. Co. v Vigo Constr. Corp.,* 48 AD3d 450 [2008]; *Reyes v Diamond State Ins. Co.,* 35 AD3d 830 [2006]; *Matter of Allstate Ins. Co. v*

*Swinton,* 27 AD3d 462 [2006]; *Moore v Ewing,* 9 AD3d 484 [2004]). Accordingly, the plaintiff's motion for summary judgment on the complaint should have been granted (*see Varella v American Tr. Ins. Co.,* 306 AD2d 464 [2003]). In view of this determination, it is unnecessary to reach the plaintiff's remaining contentions. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.