■ RAMON LIRIANO, Respondent, v EVEREADY INSURANCE COMPANY, Appellant. [884 NYS2d 248]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals from (1) an order of the Supreme Court, Queens County (Cullen, J.), dated September 29, 2008, which granted the plaintiff's motion for summary judgment on the complaint, and (2) a judgment of the same court entered November 21, 2008, which, upon the order, is in favor of the plaintiff and against it in the principal sum of $40,112.06.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment is denied, and the order dated September 29, 2008, is modified accordingly; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court improperly granted the plaintiff's motion for summary judgment on the complaint. The plaintiff submitted a process server's affidavit of service indicating that the defendant was served by mail on August 13, 2007, with a default judgment against its insured in the underlying action, which constituted prima facie evidence of proper service (*see Kihl v Pfeffer*, 94 NY2d 118, 122 [1999]; *Matter of de Sanchez*, 57 AD3d 452, 454 [2008]). In response, the defendant came forward with a sworn denial of receipt and an affidavit of an employee with

personal knowledge regarding the defendant's regular practices and procedures in retrieving, opening, and indexing its mail and in maintaining its files on existing claims. That affidavit indicated that the defendant did not receive the judgment in the mail, and instead first learned of it on March 13, 2008, promptly issuing a disclaimer only six days later. Under the circumstances of this case, the defendant's submissions sufficed to raise a triable issue of fact regarding the service of the judgment, and the question of whether the defendant's disclaimer of coverage was timely must await the resolution of that issue (*see e.g. Matter of TNT Petroleum, Inc. v Sea Petroleum, Inc.*, 40 AD3d 771 [2007]; *Johnson v Deas*, 32 AD3d 253 [2006]; *First Union Mtge. Corp. v Silverman*, 242 AD2d 258 [1997]; *Long Is. Sav. Bank v Meliso*, 229 AD2d 478 [1996]; *Poet v Kolenda*, 142 AD2d 633 [1988]).

Contrary to the plaintiff's contention and the determination of the Supreme Court, the letter of disclaimer was not defective and, therefore, was not invalid as against the plaintiff. Rather, the letter sent to the plaintiff adequately recited that the defendant was disclaiming coverage as to the plaintiff on the ground that he failed to provide the defendant with timely notice of the underlying litigation and with legal papers filed in connection therewith (*see American Tr. Ins. Co. v Sartor*, 3 NY3d 71 [2004]; *Matter of GEICO Co. v Wingo*, 36 AD3d 908 [2007]; cf. *Shell v Fireman's Fund Ins. Co.*, 17 AD3d 444 [2005]; *Vacca v State Farm Ins. Co.*, 15 AD3d 473 [2005]). Mastro, J.P., Covello, Balkin and Austin, JJ., concur.