■ Joseph Desena, Respondent, v City of New York et al., Respondents, and Keyspan Energy Delivery NYC, Appellant, et al., Defendant. [884 NYS2d 138]—

In an action to recover damages for personal injuries, the defendant Keyspan Energy Delivery NYC appeals from so much of an order of the Supreme Court, Kings County (Holder, J.), dated January 16, 2008, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly denied the motion of the defendant Keyspan Energy Delivery NYC (hereinafter Keyspan) for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Keyspan established its prima facie entitlement to judgment as a matter of law by submitting evidence that it did not create the alleged roadway defect that caused the plaintiff's injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiff, however, established that facts essential to resolution of this case exist, but are within the exclusive control of Keyspan. Pursuant to CPLR 3212 (f), a trial court has the discretion to deny a motion for summary judgment or order a continuance to allow disclosure if "facts essential to justify opposition may exist, but cannot then be stated." There must be a likelihood of discovery leading to such evidence (*see Mazzaferro v Barterama Corp.*, 218 AD2d 643 [1995]), and the party opposing the motion for summary judgment must allege the existence of proof in admissible form which presents a triable issue of fact or an acceptable excuse for the absence of firsthand knowledge (*see Chemical Bank v PIC Motors Corp.*, 58 NY2d 1023 [1983]).

In opposition to the motion for summary judgment, the plaintiff submitted the affirmation of his attorney alleging that the Keyspan foreman, who was present at the Keyspan work site on the date work was performed and completed and who, to date, has not yet been deposed, will provide facts that will raise a triable issue of fact and are essential to the plaintiff's ability to defend against this motion for summary judgment. To the extent that Keyspan's motion for summary judgment is based entirely upon evidence which refers to work which was planned or permitted to be performed at the work site, and not upon evidence showing what work was actually performed, the deposition of the Keyspan foreman, who was actually present, is necessary to resolve this factual dispute.

The plaintiff's remaining contention is without merit. Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.