■ DORIS JIMENEZ, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [897 NYS2d 143]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the defendant appeals from (1) so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated June 20, 2007, as denied that branch of its motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7), (2) a judgment of the same court entered January 2, 2008, which, upon an order of the same court entered January 2, 2008, granting the plaintiff's cross motion for summary judgment on the complaint, is in favor of the plaintiff and against it in the principal sum of $32,382.50, and (3) a judgment of the same court entered June 2, 2008, which, upon the order entered January 2, 2008, and upon an order of the same court entered May 6, 2008, granting its motion to vacate the judgment entered January 2, 2008, and to limit the plaintiff's recovery to the sum of $25,000, is in favor of the plaintiff and against it in the principal sum of $25,000, and the plaintiff cross-appeals from the judgment entered June 2, 2008, on the ground of inadequacy.

Ordered that the appeal from the order dated June 20, 2007, is dismissed; and it is further,

Ordered that the appeal from the judgment entered January 2, 2008, is dismissed as academic, as that judgment was vacated by the order entered May 6, 2008; and it is further,

Ordered that the judgment entered June 2, 2008, is reversed, on the law, the plaintiff's cross motion for summary judgment on the complaint is denied, the orders entered January 2, 2008, and May 6, 2008, are modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that the cross appeal is dismissed as academic in light of our determination on the appeal from the judgment entered June 2, 2008; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order dated June 20, 2007, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment entered June 2, 2008 (see CPLR 5501 [a] [1]).

In an underlying action to recover damages for injuries arising from a motor vehicle accident, the plaintiff obtained a

default judgment against Roxana Sanchez in the amount of $32,382.50. The plaintiff thereafter commenced the instant action pursuant to Insurance Law § 3420 (a) (2) against Sanchez's insurance carrier, the defendant, New York Central Mutual Insurance Company (hereinafter NYCM), to recover on the unsatisfied judgment. Although the plaintiff did not give NYCM notice of the underlying action against its insured until after the default judgment had been entered, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint in the instant action. We reverse.

A plaintiff may only commence a direct action against an insurer to recover on an unsatisfied judgment entered in a negligence action ''at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer'' (Insurance Law § 3420 [a] [2]), and this requirement is a condition precedent to the commencement of a direct action against the insurer (*see Lang v Hanover Ins. Co.*, 3 NY3d 350, 352 [2004]; *Guayara v Hudson Ins. Co.*, 48 AD3d 628 [2008]; *Best v Progressive Cas. Ins. Co.*, 29 AD3d 503 [2006]).

Although the plaintiff met her prima facie burden of establishing that she satisfied this condition precedent by submitting an affidavit of service attesting that a copy of the judgment in the underlying personal injury action (hereinafter the underlying judgment), with notice of entry, was mailed to NYCM on February 13, 2007 (*see Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]), a hearing is required on the issue of service since NYCM rebutted the presumption of proper service. Specifically, NYCM submitted the affidavit of its claims manager denying that it received a copy of the underlying judgment prior to the commencement of the instant action (*see Liriano v Eveready Ins. Co.*, 65 AD3d 524 [2009]; *Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d at 344).

Further, although NYCM was entitled to disclaim coverage because of the almost two-year delay in receiving notice of the commencement of the underlying negligence action against its insured (*see Serravillo v Sterling Ins. Co.*, 261 AD2d 384 [1999]; *Lauritano v American Fid. Fire Ins. Co.*, 3 AD2d 564, 568 [1957], *affd* 4 NY2d 1028 [1958]), a triable issue of fact exists as to the timeliness of the disclaimer (*see* Insurance Law § 3420 [d]; *Tex Dev. Co., LLC v Greenwich Ins. Co.*, 51 AD3d 775, 778 [2008]; *Matter of American Express Prop. Cas. Co. v Vinci*, 18 AD3d 655, 656 [2005]; *Moore v Ewing*, 9 AD3d 484, 488 [2004]; *see also First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]).

Furthermore, while an insurance carrier that knowingly chooses not to participate in an underlying action "may litigate *only* the validity of its disclaimer and cannot challenge the liability or damages determination underlying the judgment" (*Lang v Hanover Ins. Co.*, 3 NY3d 350, 356 [2004] [emphasis added]; Insurance Law § 3420 [a] [2]), here, NYCM asserts it did not receive notice of the commencement of the underlying action until after the entry of judgment against its insured. Under these circumstances, NYCM is not collaterally estopped from litigating the merits of the underlying action, as it was not provided "a full and fair opportunity to contest the decision now said to be controlling" (*Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008], quoting *Buechel v Bain*, 97 NY2d 295, 304 [2001], *cert denied* 535 US 1096 [2002]). Although summary judgment in favor of the plaintiff should have been denied in light of the existence of the triable issues of fact described above, the award of summary judgment in the plaintiff's favor was premature in any event since NYCM is entitled to raise affirmative defenses, receive responses to its outstanding discovery requests, and conduct additional appropriate discovery relating to the extent of the plaintiff's injuries (*see* CPLR 3212 [f]; *Kiernan v DaimlerChrysler Corp.*, 65 AD3d 614 [2009]; *Desena v City of New York*, 65 AD3d 562 [2009]).

NYCM's contention that the Supreme Court improperly denied its motion to dismiss the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]) is without merit. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Supreme Court, Queens County, dated June 20, 2007, on the ground that the right of direct appeal therefrom terminated upon the entry of a judgment of the same court entered January 2, 2008. By decision and order on motion of this Court dated April 29, 2008, that branch of the motion which was to dismiss the appeal from the order dated June 20, 2007, was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in relation thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which was to dismiss the appeal from the order dated June 20, 2007, is denied as academic. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.