(May 24, 2011)

■ GUSTAVO ALEJANDRO, Appellant, v LIBERTY MUTUAL INSURANCE COMPANY, Respondent. [924 NYS2d 124]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment against the defendant's insured, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), entered October 26, 2010, which denied his motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is granted to the extent of awarding the plaintiff the sum of $25,000, the motion is otherwise denied, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment in favor of the plaintiff and against the defendant.

"A plaintiff may only commence a direct action against an insurer to recover on an unsatisfied judgment entered in a negligence action 'at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the

insured, or upon the insured, and upon the insurer' (Insurance Law § 3420 [a] [2]), and this requirement is a condition precedent to the commencement of a direct action against the insurer" (*Jimenez v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d 637, 639 [2010]; *see Guayara v Hudson Ins. Co.*, 48 AD3d 628, 628-629 [2008]). Here, the plaintiff met his prima facie burden of establishing that he satisfied this condition precedent by submitting an affidavit of service attesting that a copy of the judgment in the underlying personal injury action (hereinafter the underlying judgment), with notice of entry, was mailed to the defendant and the defendant's insured on May 17, 2001. The affidavit of service created a presumption of proper mailing and receipt (*see C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d 784, 786 [2010]; *Guzman v Nationwide Mut. Fire Ins. Co.*, 62 AD3d 946, 947 [2009]; *Countrywide Home Loans v Brown*, 305 AD2d 626, 626-627 [2003]). In opposition, the defendant's submissions were insufficient to rebut this presumption so as to raise a triable issue of fact (*see Engel v Lichterman*, 62 NY2d 943, 944 [1984]; *C&H Import & Export, Inc. v MNA Global, Inc.*, 79 AD3d at 786; *Grogg v South Rd. Assoc., L.P.*, 74 AD3d 1021, 1022 [2010]; *cf. Liriano v Eveready Ins. Co.*, 65 AD3d 524 [2009]).

To effectively disclaim coverage based on the failure of the plaintiff to provide the defendant with prompt notice of the underlying action, the defendant had to give written notice of its disclaimer as soon as reasonably possible (*see* Insurance Law § 3420 [d]; *First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68 [2003]; *Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029 [1979]; *Jimenez v New York Cent. Mut. Fire Ins. Co.*, 71 AD3d at 639). Since no triable issue of fact exists as to whether the underlying judgment was mailed to the defendant on May 17, 2010, its unexplained delay until July 15, 2010, before disclaiming coverage, when the basis for disclaiming should have been readily apparent to it, rendered its disclaimer untimely as a matter of law (*see First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d at 68-70; *Sirius Am. Ins. Co. v Vigo Constr. Corp.*, 48 AD3d 450, 452 [2008]).

However, contrary to the plaintiff's contention, he is not entitled to recover accrued prejudgment interest against the defendant awarded as part of the underlying judgment, as the terms of the defendant's policy, which are not less generous to the plaintiff than what is required pursuant to 11 NYCRR 60-1.1 (b) (*see Dingle v Prudential Prop. & Cas. Ins. Co.*, 85 NY2d 657, 660 [1995]), limit its liability to $25,000, including prejudgment interest. Nor is the plaintiff entitled to recover from the

defendant interest that has accrued since the entry of the underlying judgment, as, "subject to the policy terms" (*see* 11 NYCRR 60-1.1 [b]), the defendant's obligation to pay is conditioned on it having defended against the underlying action. The defendant did not defend against the underlying action. Accordingly, the plaintiff is entitled to recover only $25,000 of the unsatisfied judgment from the defendant. Covello, J.P., Chambers, Lott and Miller, JJ., concur.