■ JUDITH H. FRIEDMAN et al., Respondents-Appellants, v PROGRESSIVE DIRECT INSURANCE COMPANY, Appellant-Respondent. [953 NYS2d 293]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment in favor of the plaintiff Judith H. Friedman and against the defendant's insured, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Bayne, J.), entered December 7, 2010, as awarded the plaintiff Judith H. Friedman interest on the principal sum of the unsatisfied judgment from October 1, 2009, and the plaintiffs cross-appeal from so much of the same judgment as, upon an order of the same court dated September 16, 2010, granting their motion for summary judgment only to the extent of awarding the plaintiff Judith H. Friedman the principal sum of $25,000, is in favor of the plaintiff Judith H. Friedman and against the defendant in the principal sum of only $25,000.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs commenced this action pursuant to Insurance Law § 3420 (a) (2) to recover the amount of an unsatisfied judgment in favor of the plaintiff Judith H. Friedman in the principal sum of $175,000, entered October 1, 2009, in an underlying action brought by the plaintiffs against the defendant's insured. Insurance Law § 3420 (a) (2) provides that recovery in such actions should not exceed "the applicable limit of coverage" under the insurance policy at issue.

In his affirmation submitted in support of the plaintiffs' mo-

tion for summary judgment in the instant action, the plaintiffs' attorney noted that the defendant insurance carrier, by letter from a claims representative dated April 2, 2008, indicated that the policy at issue "had policy limits [of] 25,000/50,000," and annexed a copy of that letter to the motion papers. The Supreme Court determined that the plaintiff Judith H. Friedman was entitled to recover the policy limits of $25,000 for one person injured in one accident. In the judgment appealed from, the Supreme Court awarded the plaintiff Judith H. Friedman the principal sum of $25,000, plus interest from October 1, 2009, the date that the underlying judgment for the principal sum of $175,000 was entered.

While, in an action pursuant to Insurance Law § 3420 (a) (2), the insurance carrier generally bears the ultimate burden of establishing the policy limits (*see Kleynshvag v GAN Ins. Co.*, 21 AD3d 999, 1004 [2005]; *cf. Creinis v Hanover Ins. Co.*, 59 AD3d 371 [2009]), here, the plaintiffs, as the proponents of a motion for summary judgment, failed to meet their initial burden of establishing that they were entitled to the full amount of the unsatisfied judgment. They submitted only the letter from the defendant's claims representative, stating that the limits of the subject policy were "25,000/50,000." That letter was properly considered by the Supreme Court since it was submitted by the plaintiffs and was not contested by the defendant (*see Pech v Yael Taxi Corp.*, 303 AD2d 733 [2003]). Under these circumstances, the Supreme Court properly granted the plaintiffs' motion for summary judgment only to the extent of awarding the plaintiff Judith H. Friedman the principal sum of $25,000.

Contrary to the defendant's contention, it was required to pay interest on the $25,000 which accrued since the entry of the underlying judgment (*see Dingle v Prudential Prop. & Cas. Ins. Co.*, 85 NY2d 657, 660 [1995]; *Shnarch v Empire Mut. Ins. Co.*, 144 AD2d 795, 796 [1988]; 11 NYCRR 60-1.1 [b]). Further, since the evidence indicated that the defendant had notice of the underlying action, and an opportunity to defend its insured, the defendant cannot claim that it was absolved from paying interest because it had no opportunity to defend (*cf. Alejandro v Liberty Mut. Ins. Co.*, 84 AD3d 1132, 1133 [2011]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.