*689 Lancer Insurance Company (hereinafter Lancer) commenced the instant action for a judgment declaring, inter alia, that it is not obligated to defend or indemnify the defendant and third-party plaintiff, Louis Provenzano, Inc. (hereinafter LPI), and the defendant Cyrus Jennings in an underlying action entitled LoDuca v Louis Provenzano, Inc., commenced in the Supreme Court, Nassau County (hereinafter the underlying action). The complaint in the underlying action alleged that Jennings, a parking garage attendant employed by LPI at a parking garage owned by LPI, assaulted Salvatore LoDuca at the garage after a verbal altercation. Lancer alleged, in its complaint, that it was not obligated to provide coverage for LPI’s claim with respect to the subject incident under a “Garage Non-Dealer’s Liability Insurance Policy” (hereinafter the Garage Non-Dealer’s Policy) issued to LPI for the parking garage premises on the ground that the defendants failed to timely notify Lancer of the subject incident. Lancer later amended its complaint to allege that, in addition to the Garage Non-Dealer’s Policy, it was not obligated to provide coverage under a “Garage Dealer’s Liability Insurance Policy” (hereinafter the Garage Dealer’s Policy) issued to LPI for the same premises.
Subsequently, LPI commenced a third-party action against Yankee Brokerage, Inc. (hereinafter Yankee), the insurance broker which procured the subject insurance policies for LPI, and Jeff Goldstein, Yankee’s president (hereinafter together the Yankee defendants). LPI asserted causes of action, in effect, to recover damages for the Yankee defendants’ alleged negligence and breach of contract in failing to provide timely notice of the subject incident to Lancer on behalf of LPI, and for a judgment declaring that the Yankee defendants are obligated to indemnify LPI in the underlying action to the extent Lancer is not obligated to indemnify it.
*690 LPI moved, inter alia, for summary judgment declaring that Yankee is obligated to indemnify it in the underlying action. The Yankee defendants cross-moved, among other things, in effect, for summary judgment dismissing the third-party causes of action, in effect, to recover damages for negligence and breach of contract and declaring that they are not obligated to indemnify LPI in the underlying action. Lancer cross-moved for summary judgment declaring, inter alia, that it is not obligated to defend or indemnify LPI and Jennings in the underlying action. LPI cross-moved for summary judgment declaring that Lancer is obligated to defend and indemnify it in the underlying action. The Supreme Court denied the motion and the cross motions.
The Supreme Court properly denied that branch of LPI’s motion which was for summary judgment awarding it declaratory relief against Yankee, and Lancer’s motion for summary judgment awarding it declaratory relief against LPI and Jennings. The Supreme Court erred, however, in denying that branch of the Yankee defendants’ cross motion which was, in effect, for summary judgment dismissing the third-party causes of action, in effect, to recover damages for negligence and breach of contract and declaring that they are not obligated to indemnify LPI in the underlying action, and LPI’s cross motion for summary judgment declaring that Lancer is obligated to defend and indemnify it in the underlying action.
LPI and the Yankee defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that, although Lancer disclaimed coverage for the subject incident under the Garage Non-Dealer’s Policy, it failed to disclaim coverage under the Garage Dealer’s Policy, which also provided coverage for LPI’s claim based on the subject incident. “ ‘As with the construction of contracts generally, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court’ ” (Farm Family Cas. Ins. Co. v Brady Farms, Inc., 87 AD3d 1324, 1326 [2011], quoting Vigilant Ins. Co. v Bear Stearns Cos., Inc., 10 NY3d 170, 177 [2008]). Here, LPI and the Yankee defendants demonstrated, prima facie, that the Garage Dealer’s Policy clearly and unambiguously provides coverage for the subject incident.
In opposition, Lancer failed to raise a triable issue of fact. In general, whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so “in clear and unmistakable” language, and any such exclusions or exceptions from *691 policy coverage must be specific and clear in order to be enforced (see Insurance Co. of Greater N.Y. v Clermont Armory, LLC, 84 AD3d 1168, 1170 [2011]). Contrary to Lancer’s contention, the Garage Dealer’s Policy contains no language expressly limiting coverage under the policy to the operations of LPI’s auto dealership. Therefore, the Garage Dealer’s Policy does not exclude coverage for the subject incident, which occurred in the course of LPI’s parking garage operations. Accordingly, in light of its failure to disclaim coverage for the subject incident under the Garage Dealer’s Policy, Lancer is obligated to defend and indemnify LPI in the underlying action (see Guzman v Nationwide Mut. Fire Ins. Co., 62 AD3d 946 [2009]). Since Lancer is obligated to indemnify LPI in the underlying action, the Yankee defendants are entitled to summary judgment dismissing the third-party causes of action, in effect, to recover damages for negligence and breach of contract based upon their alleged failure to provide timely notice of the subject incident to Lancer on behalf of LPI, and declaring that the Yankee defendants are not obligated to indemnify LPI in the underlying action.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that Lancer is obligated to defend and indemnify LPI in the underlying action, and that the Yankee defendants are not obligated to indemnify LPI in the underlying action (see Lanza v Wagner, 11 NY2d 317 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]).
In light of our determination, we need not reach the parties’ remaining contentions. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.