Bright Medical Supply Co. a/a/o Raisa Shekhter, Plaintiff-Appellant, 
against
Nationwide Insurance Company of America, Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, Bronx County (Eddie J. McShan, J.), entered July 9, 2013, which granted defendant's motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Eddie J. McShan, J.), entered July 9, 2013, reversed, with $10 costs, defendant's motion denied and complaint reinstated.
Defendant-insurer failed to establish its entitlement to summary judgment dismissing the underlying first-party no-fault action based upon plaintiff's alleged failure to provide defendant with proof of claim. The vague and conclusory assertions by defendant's claim specialist that defendant had "no record of receiving" the underlying claim, which, it is alleged, was improperly mailed to a certain Florida post office box where defendant "never accepted mail," were insufficient to make a prima facie showing that the claim was not properly and timely submitted (see SMB Med. P.C. v Chubb Indem. Ins. Co., 47 Misc 3d 146[A], 2015 NY Slip Op 50719[U] [App Term, 1st Dept 2015]; Easy Care Acupuncture PC v MVAIC, 45 Misc 3d 131[A], 2014 NY Slip Op 51645[U] [App Term, 1st Dept 2014]). Conspicuously absent from the moving affidavit was any description of defendant's "regular practices and procedures in retrieving, opening, and indexing its mail and in maintaining its files on existing claims" (Liriano v Eveready Ins. Co., 65 AD3d 524, 525 [2009]), any indication whether the specified Florida post office box actually belonged to defendant, or even the correct address where the claim should have been sent. Given defendant's failure to meet its burden, denial of its motion was required regardless of the sufficiency of plaintiff's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 18, 2017