Gyabaah v Rivlab Transp. Corp. (2019 NY Slip Op 02417)





Gyabaah v Rivlab Transp. Corp.


2019 NY Slip Op 02417


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8818 307081/10

[*1]Adwoa Gyabaah, Plaintiff-Appellant,
v
Rivlab Transportation Corp., et al., Defendants-Respondents.


Law Offices of Kenneth A. Wilhelm, New York (Kenneth A. Wilhelm of counsel), for appellant.
Perry, Van Etten, Rozanski & Primavera, LLP, Melville (Elizabeth Gelfand Kastner and Leonard Porcelli of counsel), for respondents.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about February 28, 2018, which denied plaintiff's motion for prejudgment interest, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendant Rivlab Transportation Corp.'s insurer's bare offer to pay the policy limit was not a "tender" of the policy for the purposes of stopping the accrual of prejudgment interest under 11 NYCRR 60-1.1(b). While the policy provides that the insurer will pay interest on a judgment until "we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance," 11 NYCRR 60-1.1(b) requires the insurer to pay postjudgment interest until it has "paid or tendered or deposited in court" the part of the judgment that does not exceed the policy limit. As the policy language is less generous to the insured than the regulation, it is deemed superseded by the regulation (see Dingle v Prudential Prop. & Cas. Ins. Co. , 85 NY2d 657, 660 [1995]). Within that framework, a bare offer to pay does not constitute a tender. Thus, interest must be calculated from the date of entry of the order that granted summary judgment to plaintiff until the date of payment (see Love v State of New York , 78 NY2d 540, 544 [1991] ["prejudgment interest must be calculated from the date that liability is established regardless of which party is responsible for the delay"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK