Carlson v American Intl. Group, Inc. (2021 NY Slip Op 06249)





Carlson v American Intl. Group, Inc.


2021 NY Slip Op 06249


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, TROUTMAN, BANNISTER, AND DEJOSEPH, JJ.


805 CA 21-00011

[*1]MICHAEL J. CARLSON, SR., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CLAUDIA D'AGOSTINO CARLSON, DECEASED, AND AS ASSIGNEE OF WILLIAM PORTER, PLAINTIFF-RESPONDENT-APPELLANT,
v
AMERICAN INTERNATIONAL GROUP, INC., ET AL., DEFENDANTS, AMERICAN ALTERNATIVE INSURANCE CO., AND NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, DEFENDANTS-APPELLANTS-RESPONDENTS. 






RUBIN, FIORELLA & FRIEDMAN LLP, NEW YORK CITY (PAUL F. KOVNER OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT AMERICAN ALTERNATIVE INSURANCE CO. 
CHAFFETZ LINDSEY LLP, NEW YORK CITY (CHARLES J. SCIBETTA OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.
BROWN CHIARI LLP, BUFFALO, MAGAVERN MAGAVERN GRIMM LLP (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeals and cross appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered November 17, 2020. The order granted in part and denied in part the motion of plaintiff for summary judgment, denied the motion of defendant National Union Fire Insurance Company of Pittsburgh, PA, for summary judgment and granted in part and denied in part the cross motion of defendant American Alternative Insurance Co. for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of plaintiff's motion seeking summary judgment dismissing the defense of late notice by defendant American Alternative Insurance Co. and reinstating that defense, granting in its entirety the cross motion of that defendant seeking summary judgment dismissing the first cause of action against it and dismissing the complaint in its entirety against that defendant, and as modified the order is affirmed without costs.
Memorandum: This is an action brought pursuant to Insurance Law § 3420 (a) (2) to collect on certain insurance policies upon a judgment against MVP Delivery and Logistics, Inc. (MVP) and William Porter. The facts of the case were fully set out in the prior appeal upon a motion and cross motion to dismiss the complaint (Carlson v American Intl. Group, Inc., 130 AD3d 1479 [4th Dept 2015], mod 30 NY3d 288 [2017]). The only remaining cause of action in the complaint is the first cause of action, which alleged that, pursuant to Insurance Law § 3420 (a) (2) and (b), American Alternative Insurance Co. (AAIC) and National Union Fire Insurance Company of Pittsburgh, PA (National Union) (collectively, defendants), among others, were responsible to plaintiff for payment of the judgment because MVP and Porter were insureds under the policies in question. Now, AAIC and National Union appeal and plaintiff cross-appeals from an order granting in part and denying in part AAIC's cross motion seeking summary judgment dismissing the first cause of action against it, denying National Union's motion seeking summary judgment dismissing that cause of action against it, and granting in part and denying in part plaintiff's motion for, inter alia, summary judgment on that cause of action.
We reject National Union's contention that Supreme Court erred in denying that part of its motion seeking summary judgment dismissing the first cause of action against it based on its defense of late notice and granting that part of plaintiff's motion for summary judgment dismissing that defense. National Union issued policies to DHL Worldwide Express, Inc., doing business as DHL Express (USA), Inc. (DHL), and DHL gave notice of the occurrence or accident to National Union, which it does not contend was untimely. Rather, National Union contends that MVP and Porter, purported additional insureds under the policies, failed to give National Union timely notice under the policies. While we agree with National Union that the additional insureds had a duty to give timely notice of the occurrence to it (see City of New York v Investors Ins. Co. of Am., 89 AD3d 489, 489 [1st Dept 2011]; 23-08-18 Jackson Realty Assoc. v Nationwide Mut. Ins. Co., 53 AD3d 541, 542-543 [2d Dept 2008]; City of New York v St. Paul Fire & Mar. Ins. Co., 21 AD3d 978, 981-982 [2d Dept 2005]), their failure to do so does not preclude recovery by plaintiff against National Union under the circumstances of this case. As the injured party, plaintiff has the right to bring an action against defendants to collect on the judgment (see Insurance Law § 3420 [a] [2]) and an independent right to provide notice to the insurer (see § 3420 [a] [3]; American Tr. Ins. Co. v Sartor, 3 NY3d 71, 76 [2004]; Lauritano v American Fid. Fire Ins. Co., 3 AD2d 564, 568 [1st Dept 1957], affd 4 NY2d 1028 [1958]; Mt. Hawley Ins. Co. v Seville Elecs. Trading Corp., 139 AD3d 921, 923 [2d Dept 2016], lv denied 29 NY3d 902 [2017]; Wraight v Exchange Ins. Co. [appeal No. 2], 234 AD2d 916, 917 [4th Dept 1996], lv denied 89 NY2d 813 [1997]). Although plaintiff also failed to give timely notice of the occurrence to National Union, "[i]t is only in the event of noncompliance by both the insured and the injured claimant that the insurer may validly disclaim against the injured party" (American Tr. Ins. Co., 3 NY3d at 77 n 2; see Matter of AutoOne Ins. Co. v Sarvis, 111 AD3d 824, 825 [2d Dept 2013]). Here, inasmuch as DHL gave notice of the accident to National Union, which it does not contend was untimely, plaintiff was not required to give notice of the accident to National Union before seeking to collect on the judgment pursuant to section 3420 (a) (2).
We agree with AAIC, however, that the court erred in denying that part of its cross motion seeking summary judgment dismissing the first cause of action against it based on its defense of late notice and granting that part of plaintiff's motion for summary judgment dismissing that defense, and we therefore modify the order accordingly. AAIC established as a matter of law that it did not receive timely notice of the occurrence from the insured, i.e., DHL, the purported additional insureds, i.e., MVP and Porter, or plaintiff, and plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562-564 [1980]). In light of our determination, plaintiff's remaining contentions regarding AAIC are moot.
We reject the contention of National Union and plaintiff that the court erred in denying their motions seeking summary judgment on the issue whether the MVP vehicle was a "hired" auto such that MVP is considered an insured under the policies. The court properly concluded that, as explained by the Court of Appeals on the prior appeal, the issue "presents a question of fact to be resolved by the trier of fact" (Carlson, 30 NY3d at 295-296).
We reject National Union's contention that the court erred in granting that part of plaintiff's motion seeking summary judgment on his entitlement to postjudgment interest from National Union and denying that part of National Union's motion seeking summary judgment dismissing that claim. The policies provided that National Union would pay postjudgment interest on any suits against the insured which it defended. Contrary to plaintiff's contention, the language in the policies does not conflict with 11 NYCRR 60-1.1 (b), which states that the requirement to pay interest is "subject to the policy terms" (see Alejandro v Liberty Mut. Ins. Co., 84 AD3d 1132, 1133-1134 [2d Dept 2011]; see generally Dingle v Prudential Prop. & Cas. Ins. Co., 85 NY2d 657, 660 [1995]). But inasmuch as National Union had notice of the underlying action and the opportunity to defend MVP and Porter, we conclude that the court properly determined that National Union was required to pay postjudgment interest (see Friedman v Progressive Direct Ins. Co., 100 AD3d 591, 592 [2d Dept 2012]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court